No. 86-572

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

DAVID MOGAN,

        Plaintiff and Appellant,

   -vs-

THE CITY OF HARLEM,

        Defendant and Respondent.

---

APPEAL FROM:  District Court of the Seventeenth Judicial District,
In and for the County of Blaine,
The Honorable B. W. Thomas, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Patrick F. Flaherty, Great Falls, Montana

    For Respondent:

        Jardine, Stephenson, Blewett & Weaver; Sue Ann Love,
Great Falls, Montana

---

Submitted on Briefs:  May 14, 1987

Decided:  July 21, 1987

Filed: JUL 21 1987

_____

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiff/appellant David Mogan is appealing an order issued by the District Court of the Seventeenth Judicial District, Blaine County, granting defendant/respondent City of Harlem's motion to dismiss.

We affirm in part and reverse in part.

According to the facts stated in the complaint, David Mogan had, in August 1984, applied for and received financing and building permits required for the construction of a two-story, eight unit apartment building. At that time, the City had in effect an ordinance requiring a $75 connection fee to the City water supply and a $50 connection fee to the City sewer. The ordinance had an effective enactment date of July 4, 1979.

David Mogan applied for the water and sewer permits on August 24, 1984, tendering the appropriate amounts. His application was denied. On August 25, the ordinance, number 57, was amended, having the effect of requiring that Mogan apply for separate permits for each apartment, raising the cost for the permits eight-fold. The amendment also required that separate water meters be installed in each of the eight units.

Mogan sued alleging constitutional violations, breach of contract, and violation of statute, requesting declaratory judgment and a writ of mandamus. The City moved for dismissal. Briefs were submitted, and the District Court, after oral arguments by telephone conference, granted the City's motion.

The District Court's order of dismissal addressed the issue of municipal immunity for acts of the municipality's

legislative body, under § 2-9-111(2), MCA, but did not cite that statute as the basis for its decision. Instead the District Court accepted the City's argument that there was no legal basis for Mogan's claim under contract, that insufficient facts were alleged to state a claim for declaratory judgment, and that no constitutionally protected rights were violated. The District Court did suggest that mandamus offered Mogan his best hope for a remedy, but did not issue a writ because Mogan did not follow the required statutory procedure for mandamus.

Mogan raises three issues on appeal, two of which allege violation of Montana's constitutional due process and equal protection provisions. We need not address these constitutional issues as resolution of the third issue negates that necessity. The sole issue on appeal then is whether the District Court erred in granting the City's motion to dismiss Mogan's complaint for failure to state a claim.

Montana's well established rule is that a complaint should not be dismissed for insufficiency unless it appears certain that the plaintiff is entitled to no relief under any set of facts which could be proved in support of the claim. This test was established in Conley v. Gibson (1957), 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 and has been repeatedly endorsed by this Court. Busch v. Kammerer (1982), 200 Mont. 130, 649 P.2d 1339; Tobacco River Lumber Co., Inc. v. Yoppe (1978), 176 Mont. 267, 577 P.2d 855. A second guiding principle is that a motion to dismiss under Rule 12(b)(6) M.R.Civ.P. has the effect of admitting all the well-plead allegations of the complaint. Busch v. Kemmerer, supra; Willson v. Taylor (Mont. 1981), 634 P.2d 1180, 38 St.Rep. 1606; Duffy v. Butte Teachers' Union No. 332, AFL-CIO (1975), 168 Mont. 246, 541 P.2d 1199.

- 3 -

Further, when the District Court considers a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact therein are taken as true. Willson v. Taylor, supra, Commonwealth Edison, Co. v. State (1980), 189 Mont. 191, 615 P.2d 847, Aff'd. 453 U.S. 609, 101 S.Ct. 2946, 69 L.Ed.2d 884 (1981).

Mogan's complaint states:

The ordinance under which the city of Harlem has extracted additional fees and costs from David Mogan, (Ordinance No. 57 as amended on August 25, 1984), is an illegal, unlawful, ultra vires and void ordinance and of no proper effect. The plaintiff is asking that this Court declare that this ordinance is void and of no legal consequence because it was enacted on improper notice, is ambiguous and violative of the due process and equal protection clauses of the Constitution of the State of Montana.

Clearly by this claim the City was put on notice that Mogan was challenging the legitimacy of the process the City used in amending ordinance No. 57. Of course there was room in the claim for relief for more precision, however, this Court is required to construe the complaint in the light most favorable to the plaintiff, and in such light the allegations were sufficient to state a claim.

In his brief on appeal Mogan alleges violation of §§ 7-5-103(3) and 7-5-105, MCA. These statutes were also alluded to in the complaint. Section 7-5-103(3) states:

(3) An ordinance must be read and adopted by a majority vote of members present at two meetings of the governing body not less than 12 days apart. After the first adoption and reading, it must be posted and copies made available to the public.

Section 7-5-105 states:

> No ordinance other than an emergency ordinance shall be effective until 30 days after second and final adoption.

On the basis of these statutes alone, Mogan's allegations sufficiently give rise to an actionable claim for relief.

In response to recitation of those statutes, the City claims municipal immunity for the actions of its legislative body under § 2-9-111(2), which states: "A governmental entity is immune from suit for an act or omission of its legislative body or a member, officer or agent thereof."

The District Court order addressed the issue of municipal immunity, but chose to avoid the issue as a reason for dismissing the case. However, the above-cited statutes §§ 7-5-103(3), 7-5-105, 2-9-111(2), MCA, are the crux of the legal action brought before the District Court. As an applicant for permits, Mogan had a right to the provisions of the ordinance in effect at the time of his application.

This Court does not favor dismissals on pleading unless a complaint does not state a cause of action under any set of facts. Willson v. Taylor, supra. We believe the facts set forth in Mogan's complaint were sufficient to state a claim. Therefore, we reverse the District Court's order of dismissal, and remand to the District Court for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

- 5 -

_L. C. Gulbrandson._

_A. C. McDarragh_

Justices