No. 89-609

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

RONALD KUNZ and ROSIE KUNZ

       Plaintiffs and Appellants,

  -vs-

BUTTE-SILVER BOW, a political
Subdivision of the State of
Montana, and DOROTHY K. DUGDALE,

       Defendants and Respondents.

FILED

SEP 4 1990

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Second Judicial District,
               In and for the County of Silver Bow,
               The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

         Leonard J. Haxby, Esq., Butte, Montana

      For Respondents:

         Kathleen McBride, Esq., Butte, Montana
         Brad Newman, Butte-Silver Bow Deputy County
         Attorney, Butte, Montana
         Mark A. Vucurovich, Esq., Butte, Montana

Submitted on Briefs:  May 3, 1990

Decided:  September 4, 1990

Filed:

_____
              Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Ronald and Rosie Kunz appeal from an order of the District Court of the Second Judicial District, Silver Bow County, granting respondents' motion to dismiss. We affirm.

Appellants own real property at 4809 Hope Road in Silver Bow County. Respondent Dorothy Dugdale owns an adjacent parcel at 4801 Hope Road. Appellants' property is zoned residential while Dugdale's property is part of a light industrial zone. Both parties acknowledge that the parcel including Dugdale's property has been subject to light industrial use for a substantial period. The surrounding property is zoned for commercial, residential and light industrial use.

In August 1978, the Butte-Silver Bow government adopted a zoning ordinance which, after challenge by affected property owners, this Court found was enacted in accordance with Montana law. Martz v. Butte-Silver Bow Government (1982), 196 Mont. 348, 641 P.2d 426. The subject parcel was originally zoned light industrial. On November 2, 1988, Butte-Silver Bow adopted a new zoning ordinance pursuant to § 76-2-301 et seq., MCA. This new ordinance included the original 1978 ordinance and its amendments.

Appellants contend the ordinance was adopted over their objections and they filed suit in District Court. Appellants filed a complaint against Butte-Silver Bow seeking a zoning change in the subject parcel from light industrial to residential, or, in the alternative, creation of a buffer zone between their property and the business currently located at 4801 Hope Road. Following

2

respondents' motion to dismiss, appellants amended their complaint to add Dorothy Dugdale as a party and seeking review of Butte-Silver Bow's adoption of the zoning ordinance. The District Court granted respondents' second motion to dismiss concluding appellants lacked standing to challenge the zoning ordinance and failed to state a claim upon which relief could be granted by failing to exhaust their administrative remedies.

Appellants raise the following issues on appeal:

1. Did the District Court erroneously conclude that appellants had failed to exhaust their administrative remedies?

2. Did the District Court erroneously conclude appellants lacked standing to protest the zoning of the subject property?

Subsequent to filing of appellants' reply brief, respondents moved to strike appendices A and B of that document for the reason that the matters contained therein were not part of the lower court record. We do not find it necessary to address this motion.

It is well settled that a district court properly grants a M.R.Civ.P. 12(b)(6) motion to dismiss only when the plaintiff could not prevail "[u]nder any set of facts which could be proved in support of the claim." Mogan v. City of Harlem (1987), 227 Mont. 435, 437, 739 P.2d 491, 492-93. Respondents, by filing a motion to dismiss, admit all the well-plead allegations of appellants' complaint, thus the District Court must "construe . . . [the complaint] in the light most favorable to . . . [appellant]." Mogan, 739 P.2d at 493.

The District Court concluded appellants lacked standing to

3

challenge the zoning ordinance under question. The issue of standing has previously been addressed by this Court in the case of Stewart v. Board of County Commissioners (1977), 175 Mont. 197, 573 P.2d 184. In Stewart this Court stated:

> [T]he issue presented for review must represent a "case" or "controversy" within the judicial cognizance of the state sovereignty. Additionally, the following minimum criteria are necessary to establish standing to sue a governmental entity: (1) the complaining party must clearly allege past, present or threatened injury to a property or civil right; and (2) the alleged injury must be distinguishable from the injury to the public generally, but the injury need not be exclusive to the complaining party.

Stewart, 573 P.2d at 186.

Respondents emphasized before the District Court appellants' failure to plead any specific injury incurred by them as a result of the enactment of the zoning ordinance. Appellants stated in their amended complaint:

> By adoption of a zone of M-1 over the objections of the Plaintiffs and other residents in the area which is the subject of this Complaint, the Defendant, Butte-Silver Bow, committed an arbitrary and capricious act in violation of the Statutes of the State of Montana.
>
> . . .
>
> The Plaintiffs herein in particular will suffer irreparable harm and damage if the subject M-1 zone is allowed to exist in that they are not allowed the quiet and peaceful possession of their property. Their property has depreciated in value as a result of said zone. The M-1 zone, by its very nature, is one that creates noise and certain pollutants which would harm the Plaintiffs' property and in fact the Plaintiffs' property is being harmed at the present time by the present use

of the M-1 zone and irreparable harm and damage will be caused the Plaintiffs and other users and owners in the neighborhood and area if said M-1 zone is allowed to continue.

From the above, we conclude the appellants' recited facts which, if taken as true, afford appellants standing to challenge the zoning ordinance enacted.

The District Court further concluded appellants failed to state a claim for which relief can be granted on the grounds that appellants failed to exhaust their administrative remedies. We agree with this reason for denying relief.

The Butte-Silver Bow zoning ordinance was adopted by the Butte-Silver Bow Council of Commissioners pursuant to the municipal zoning procedures of §§ 76-2-301, et seq., MCA. Section 76-2-305, MCA, sets forth the procedure for formally protesting a proposed zoning regulation. Additionally, the Butte-Silver Bow Municipal Code at Chapter 17.52.010 et seq., provides for an administrative appeal remedy. Chapter 17.52.010 et seq., allows for the submission of a petition to the Council of Commissioners or the Zoning Commission asking for a resolution of intent to amend, change, modify or repeal the zoning boundaries or restrictions. While there are facts recited in appellants' complaint showing they objected to the adoption of the zoning ordinance in question, there is nothing to show appellants followed the administrative appeal procedure available to them under the Butte-Silver Bow Municipal Code. Once appellants have exhausted their administrative remedies the District Court's function is limited to a determination of whether adoption of the ordinance constituted an abuse of

5

discretion. Schendel v. Board of Adjustment (Mont. 1989), 774 P.2d 379, 382, 46 St.Rep. 800, 804. The District Court could not order respondent, Butte-Silver Bow, to rezone or require buffer areas on the area in question. Such action would require the District Court to act as a "super zoning board" which is not a proper function. We hold the District Court properly concluded that appellants failed to exhaust their administrative remedies.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices