NO. 93-082

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

---

RICHARD A. WELDON and
MONICA A. WELDON,

       Plaintiffs and Appellants,

   v.

FIRST CITIZENS BANK OF BILLINGS,
a Montana Corporation,

       Defendant and Respondent.

---

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          W. Corbin Howard, Attorney at Law,
          Billings, Montana: David A. Klibaner,
          Attorney at Law, Billings, Montana

       For Respondent:

          Carey E. Matovich, Matovich, Addy & Keller,
          Billings, Montana

---

FILED

JUL 8 1993
Filed:
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  June 1, 1993

Decided:  July 8, 1993

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellants Richard A. Weldon and Monica A. Weldon appeal from the judgment of the Thirteenth Judicial District Court, Yellowstone County, granting a motion to dismiss their complaint for failure to state a claim upon which relief can be granted.

We affirm.

The following issue is dispositive of this case:

Did the District Court err in finding that the First Citizens Bank of Billings had no obligation to ensure that all the required deeds were placed in escrow by Double S Investors?

On November 16, 1983, the Weldons sold their 1625 acres of land to Double S Investors under a contract for deed. The Weldons and Double S Investors chose to employ First Citizens Bank as the escrow agent in this transaction.

In accordance with the contract for deed, the 1625 acres of land were subdivided into 67 twenty-acre parcels, and the corresponding deeds were signed by the Weldons. The Bank was required by contract, as escrow agent, to surrender each deed to Double S Investors upon receipt of the required purchase price. However, before the deeds were ever placed in escrow, Double S Investors recorded eight of the deeds with the county clerk and recorder and sold them to a third party. Only 59 deeds reached the escrow account at the Bank.

The Weldons filed an action against Double S Investors in 1985, which was not settled until October 1, 1991. On June 12, 1992, the Weldons filed an action against the Bank alleging

2

(1) breach of fiduciary duties, (2) breach of contract--common law duties, (3) breach of contract--covenant of good faith and fair dealing, and (4) breach of contract--Montana statutes.

The Bank responded to these allegations on July 16, 1992, with a motion to dismiss for failure to state a claim, or in the alternative, summary judgment based on their contention that the statute of limitations had already run on every claim presented by the Weldons.

The District Court found that the Bank was not under any obligation to inform the Weldons of Double S Investors' failure to deliver all of the deeds. Although the contractual documents consisted of a November 16, 1983, contract for deed, a December 19, 1983, addendum to the contract, and an escrow agreement, the District Court found that none of these documents required the Bank to ensure that Double S Investors placed all of the deeds in escrow. Upon this finding, the District Court granted the Bank's motion to dismiss. Because of this decision, the issue of whether or not the statute of limitations had run on the Weldons' claims was not reached by the District Court. The Weldons appeal the granting of the motion to dismiss.

Did the District Court err in finding that the Bank had no obligation to ensure that all the required deeds were placed in escrow by Double S Investors?

In the case at bar, there is no actual written provision in the escrow agreement obligating the Bank to verify the accuracy of the documents or to notify the Weldons of the status of the deeds

3

placed in escrow. Accordingly, we hold that there was no breach of a contract provision.

The Weldons also claimed that the Bank breached various implied contractual and fiduciary duties. Although in Dulan v. Montana National Bank of Roundup (1983), 203 Mont. 177, 182, 661 P.2d 28, 30, we held that the escrow agent owes fiduciary duties to its principals, the fiduciary duty does not require the agent to exceed the limits of the escrow instructions to the extent of notifying parties to the escrow of any suspicious facts or circumstances that come to the agent's attention. 28 Am. Jur. 2d Supp. *Escrow* § 16 (1993). In the case at bar, the fact that eight of the deeds were converted by Double S Investors was not even brought to the attention of the Bank--all the more reason to conclude that there was no breach of an implied or fiduciary duty.

The Bank was not made aware of the missing deeds because the deeds had not yet been delivered into escrow. They were actually converted by Double S Investors before reaching the Bank. In order for an instrument to operate as an escrow, delivery to a third party, such as an escrow agent, who is not a party to the transfer transaction, is required. In re Hume's Estate (1954), 128 Mont. 223, 229, 272 P.2d 999, 1002. In Jurgens v. Abraham (D. Mass. 1985), 616 F. Supp. 1381, 1385, the court granted a motion to dismiss brought by the escrow agent, holding that the agent had no duties or liabilities until he received a deposit in escrow. Similarly, the appellate court in Southall v. Security Title Insurance & Guarantee Company (Cal. App. 2d 1952), 246 P.2d 74,

4

75-76, concluded that the escrow agent was under no duty to secure necessary missing documents. In the case at bar, the Bank did not have a fiduciary responsibility to account for the missing deeds, especially prior to their delivery into escrow.

We hold that the District Court did not err in finding that the Bank had no obligation to ensure that all the deeds were placed in escrow. The motion to dismiss under Rule 12(b)(6), M.R.Civ.P., was properly granted since the Weldons are not entitled to relief under any of the facts set forth in their claim. Mogan v. City of Harlem (1987), 227 Mont. 435, 437, 739 P.2d 491, 492-93.

We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5

July 8, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

W. CORBIN HOWARD
Attorney at Law
P.O. Box 7177
Billings, MT 59103-7177

DAVID A. KLIBANER
Attorney at Law
2401 Fifteenth Street, Suite #290
Denver, CO 80202

Carey E. Matovich
MATOVICH, ADDY & KELLER, P.C.
225 Petroleum Building
2812 Fist AVe. North
Billings, MT 59101

ED SMITH
CLERK OF THE SUPREME COURT
STAT@ OF MONTANA

BY:_____
Deputy