No. 95-522

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

DAVID F. STUFFT,

      Plaintiff and Appellant,

   v.

ESTHER M. STUFFT, CARMEN C.
STUFFT, CAROL STUFFT LARSON,
DORENE STUFFT BADGETT, NEIL E.
JOHNSON and STUFFT FARMS, INC.,

      Defendants and Respondents.

APPEAL FROM:   District Court of the Ninth Judicial District,
               In and for the County of Glacier,
               The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Jack L. Lewis, Jardine, Stephenson, Blewett
           & Weaver, Great Falls, Montana

           David F. Stufft, Cut Bank, Montana

       For Respondent:

           Selden S. Frisbee, Cut Bank, Montana

           Darrell T. Peterson, Peterson, Peterson
           & Shors, Cut Bank, Montana

           Thane P. Johnson, Werner, Epstein & Johnson,
           Cut Bank, Montana

Submitted on Briefs:  March 28, 1996

Decided:  May 3, 1996

Filed:

FILED

MAY 03 1996

Smith
SUPREME COURT
OF MONTANA

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

David F. Stufft appeals an order of the Ninth Judicial District Court, Glacier County, which dismissed this action under Rule 12(b)(6), M.R.Civ.P. We affirm.

The dispositive issue is whether, under the facts as alleged in the complaint, Stufft's preemptive right to purchase Stufft Farms, Inc., stock was violated.

Stufft Farms, Inc., is a Montana corporation whose primary asset is real property located in Glacier County, Montana. The corporation is owned by Esther M. Stufft (17,077 shares), Carmen C. Stufft (17,018 shares), Carol Stufft Larson (20 shares), Dorene Stufft Badgett (20 shares), and David F. Stufft (20 shares). At a December 27, 1994 meeting, the Directors of Stufft Farms, Inc., adopted a resolution to dissolve and liquidate the corporation.

A prospective purchaser, Neil E. Johnson, was located. It was determined that, due to tax considerations, the shareholders would receive a better price for their interests in the corporation through sale of the capital stock rather than sale of corporate assets.

On February 24, 1995, Johnson offered to purchase the capital stock of Stufft Farms, Inc., contingent upon all shares being available to him. All shareholders except plaintiff David F. Stufft agreed to accept the offer.

Thereafter, on March 9, 1995, Stufft attempted to purchase all of the other stockholders' shares of stock, invoking Article XII of

the corporate bylaws. Article XII, entitled Restrictions on Transfer of Shares, reads in relevant part:

> No shareholder shall have the right or power to pledge, sell or otherwise dispose of, except by will, any share or shares of this company, without first offering the said share or shares for sale to the company and shareholders at the then book value, in the manner hereinafter set forth.

Stufft argued that the other shareholders' offer to sell their stock to Johnson triggered this provision, giving him a preemptive right of first refusal to purchase the stock at book value.

The remaining shareholders refused to honor Stufft's demand to sell their shares to him at book value. They instead responded by a letter offer to sell their stock to Stufft for the amount which had been offered by Johnson. When Stufft did not accept that offer, they elected to retain their shares of stock and pursue the sale of corporate assets and liquidation as set forth in the corporate resolution of December 27, 1994. Corporate officers negotiated with Johnson a custom farming agreement, farm lease, and option to purchase real and personal property, which were approved by the Board of Directors on March 27, 1995.

Thereafter, Stufft filed this action. He alleged that he had become the equitable owner of all stock in Stufft Farms, Inc., because of the above events. He argued, therefore, that he alone was entitled to vote all shares of stock and that the agreements with Johnson should be considered void.

All defendants moved to dismiss the complaint for failure to state a cause of action pursuant to Rule 12(b)(6), M.R.Civ.P. The District Court granted that motion.

3

Under the facts as alleged in the complaint, was Stufft's preemptive right to purchase Stufft Farms, Inc., stock violated?

The District Court dismissed this action under Rule 12(b)(6), M.R.Civ.P., for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) has the effect of admitting all the well-pled allegations of the complaint. Mogan v. City of Harlem (1987), 227 Mont. 435, 437, 739 P.2d 491, 493. A complaint should not be dismissed for insufficiency unless it appears certain that the plaintiff is entitled to no relief under any set of facts which could be proved in support of the claim. Mogan, 739 P.2d at 492-93. This Court will look only within the four corners of the complaint in making its decision on review of a Rule 12(b)(6) dismissal. Irving v. School District No. 1-1A (1991), 248 Mont. 460, 464, 813 P.2d 417, 419.

Stufft points out that share transfer restrictions are valid and enforceable. Gray v. Harris Land and Cattle Co. (1987), 227 Mont. 51, 737 P.2d 475. He argues that his preemptive right was triggered by the other stockholders' acceptance of Johnson's February 24, 1995 offer to purchase all of the corporation's outstanding stock, and again by the March 10, 1995 offer of the majority stockholders to sell their stock to him at the price at which the stock had been offered to Johnson, a price not shown or claimed to be book value. He maintains that preemptive rights are triggered by a willingness, a desire, or an attempt by stockholders to dispose of their stock, citing Weintz v. Bumgarner (1967), 150 Mont. 306, 434 P.2d 712.

4

A critical distinction between <u>Weintz</u> and the present case is that in <u>Weintz,</u> not only was there a willingness to sell on the part of the property owners, but actual agreements were reached to sell the various interests in the subject property. In the present case, no agreements were reached to sell the stock at issue.

The complaint sets forth Stufft's information and belief that Johnson's offer to purchase the stock in Stufft Farms, Inc., was an offer to purchase <u>all</u> of the stock in the corporation. Johnson's offer was not accepted by shareholder Stufft. Because of the contingent nature of Johnson's offer, when Stufft elected not to sell, Johnson's offer to buy was withdrawn. Therefore, no agreement was reached. The corporation did not accept Johnson's offer.

Similarly, under the facts pled in the complaint, the other shareholders' March 10 offer to sell stock to Stufft on the same terms as those offered by Johnson was a counteroffer to Stufft's March 9 offer to purchase the stock at book value. Stufft's offer was not accepted. The counteroffer was not accepted.

Stufft's preemptive right to purchase Stufft Farms, Inc., stock was not triggered under the facts pled in the complaint, because the other shareholders did not "pledge, sell or otherwise dispose of" their shares of stock. Under the facts as pled in the complaint, the other stockholders still own their stock in the corporation. The District Court therefore cannot be said to have erroneously annulled Article XII under equity, as Stufft contends. Nor is Stufft entitled, as he maintains, to bring an action for

5

damages measured by the difference between the book value and the market value of the stock owned by the other stockholders

Stufft also contends that the other shareholders and Johnson are attempting to circumvent his preemptive rights. The District Court noted:

> The Court is very aware of the purpose of corporate restrictive stock transfer bylaws and in particular those of a closely held family corporation. The purpose of such restrictions is to facilitate keeping the corporation closely held and to restrict the transfer of stock beyond family members. Such restrictive agreements and bylaws are specifically allowed under Montana Law pursuant to Section 35-1-628, M.C.A. However, neither the state statute nor the restrictive agreements were intended to prohibit liquidation of a corporation and the sale of its assets. See Section 35-1-822 through Section 35-1-839, M.C.A.
>
>
> The issue before the Court is whether a minority shareholder may rely on a restrictive transfer article of the bylaws to essentially prohibit the liquidation and sale of the corporate assets. It is undisputed that the desire of the Board of Directors and controlling shareholders was originally to dissolve and liquidate the assets of the corporation. That was the substance of the Corporate Resolution passed on December 27, 1994. . [I]t seems only reasonable that restrictive transfer bylaws never were designed to prohibit the liquidation and sale of the corporate assets as clearly allowed under state statutes.

We agree

The District Court found persuasive Dobry v. Dobry (Okl. 1953), 262 P.2d 691. That case, like this one, involved a closely held family corporation in which a majority of the stockholders authorized a sale of the corporation's assets. Plaintiff, a minority shareholder, cited his preemptive rights under corporate bylaws and filed an action to enjoin the sale of corporate assets.

6

> Plaintiff's position is that the sale of the corporation's assets as decided upon at the special stockholder's meeting, above described, would cause an equitable conversion and sale of his stock, thereby arbitrarily converting it into money and preventing him from selling his stock or purchasing defendants' stock under the terms and provisions of the above-quoted article. . . .
>
>          . . . .
>
> We think it is plain from the wording of Article X that its provisions do not contemplate nor apply to a sale of the entire corporation or its assets, and that, by its own terms, it is confined to the exchange of stock between stockholders. . . . As it is thus our view that Article X does not apply to a sale of the corporation's assets, it follows that said article affords plaintiff no basis for an injunction against said sale.

Dobry, 262 P.2d at 692-93. The same can be said in the present case. The wording of Article XII does not suggest that it applies to an intended sale of the entire corporation or its assets.

The District Court wrote:

> [I]t is this Court's holding, based on the facts pled in Plaintiff's Complaint, that the shareholders did not intend to sell their individual shares except if all shareholders agreed pursuant to the offer made to them on February 24, 1995. The fact that those shares were offered with strings attached which could not be removed, negated any intent on their part to be bound by Article XII of the corporate bylaws. To find otherwise would exalt form over substance in particular when it is clear to the Court that the Board of Directors had previously voted to dissolve the corporation and liquidate its assets.

We affirm the holding of the District Court. Under the facts as pled in the complaint, we conclude that Stufft's preemptive right to purchase Stufft Farms, Inc., stock was not violated.

In its order dismissing this action, the District Court also granted the Rule 12(b) (b), M.R.Civ.P., motion of defendant Johnson to be dismissed on grounds of failure to state a legal theory upon

7

which relief could be granted against him. Stufft argues on appeal that Johnson should not have been dismissed because he is a necessary and proper party to this action, which Stufft characterizes as an action to annul a contract to which Johnson is a party.

Stufft's complaint presents this not as an action to annul the contract between Stufft Farms, Inc., and Johnson, but instead as an action to enforce a term of the bylaws of Stufft Farms, Inc. Johnson is not a party to the bylaws of Stufft Farms, Inc. Only if Stufft was successful in his claim as to Article XII of the bylaws would he have grounds on which to challenge the contract between Stufft Farms, Inc., and Johnson. At any rate, given our resolution of the dispositive issue discussed above, we conclude that the issue of whether Johnson was a necessary or permissible party defendant is moot, and that we need not address that issue further.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices