No. 01-491

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 327

EVE ART,

        Petitioner and Appellant,

    v.

MONTANA DEPARTMENT OF LABOR
AND INDUSTRY, ex rel., PATRICIA MASON,

        Respondents and Respondents.

FILED

DEC 19 2002

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark,
Honorable Jeffrey M. Sherlock, Judge Presiding

COUNSEL OF RECORD:

    For Appellant:

        Michael J. San Souci, Law Office of Michael J. San Souci,
        Bozeman, Montana

    For Respondent:

        Julia M. Swingley, Special Assistant Attorney General, Department
        of Labor and Industry, Helena, Montana

Submitted on Briefs:  December 13, 2001

Decided:  December 19, 2002

Filed:

_____
             Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Eve Art appeals the dismissal of her petition for judicial review of the determination of the Department of Labor and Industry that she owes a domestic worker unpaid overtime wages. The First Judicial District Court, Lewis and Clark County, Montana, concluded that Art first must exhaust available administrative remedies before the district court may assume jurisdiction over the matter. We affirm.

¶2    The dispositive issue on appeal is whether the District Court erred in dismissing Art's petition for judicial review on the grounds that the court lacks subject matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    Eve Art hired Patricia Mason in January 1996 as a personal care attendant for her elderly mother, Irene Schmolka. Mason worked from two to four 24-hour shifts each week until Schmolka's death in November 1996. In January 1997, Mason filed for Unemployment Insurance benefits and a wage claim for unpaid overtime with the Montana Department of Labor and Industry (the Department). Art denied Mason's entitlement to the benefits and wages, asserting that Mason was an independent contractor. The Department suspended a determination on the merits of Mason's claims, and the case was assigned to the Independent Contractor's Central Unit (ICCU) for a determination of Mason's employment status.

¶4    A compliance specialist with the ICCU issued a determination on May 5, 1997, that Mason worked as an employee of Art. Art appealed the determination to the Department's Hearings Division, which held a contested case hearing on December 11, 1997. The hearings officer sustained the finding of Mason's status as an employee. Art next appealed to the

2

Board of Personnel Appeals (the Board), which again affirmed Mason's employee status on May 1, 1998.

¶5 Art appealed the Board's decision to the Sixth Judicial District Court, Park County, Montana. The court remanded the case on May 26, 1999, due to a procedural flaw with the hearing. Upon remand, the Bureau Chief of the Hearings Division ordered the matter transferred for trial in the Workers' Compensation Court in July 1999. The court's findings and conclusions, issued on June 23, 2000, concluded that Mason was an employee who qualified for Unemployment Insurance benefits. However, the order stated that the Workers' Compensation Court lacked "jurisdiction to decide issues arising with respect to Mason's overtime wage claim."

¶6 Mason's overtime claim was then assigned to the Department's Wage and Hour Unit for a determination of whether Mason qualified for overtime pay. The Department's compliance specialist issued a finding in Mason's favor on October 19, 2000. Art requested reconsideration, and a second compliance specialist affirmed the determination on November 9, 2000. The Department ordered Art to pay Mason overtime, penalties and interest in the amount of $12,666.60.

¶7 On November 27, 2000, Art filed an application with the Department for a stay of the administrative appeals process pending judicial review by the District Court. The Department denied the stay and transferred the overtime wage matter to the Hearings Division. Art submitted another application for a stay of the administrative process and, on December 13, 2000, filed a petition for judicial review and injunctive relief with the First

3

Judicial District Court. On January 3, 2001, counsel for the Department served a notice of special appearance and filed a motion to dismiss Art's petition on jurisdictional grounds. The Department also filed an answer to Art's petition on January 22, 2001. On January 29, 2001, the Department filed a "notice of issue," maintaining that due to Art's lack of response to the jurisdictional challenge, judicial proceedings should be halted under Montana Uniform District Court Rule 2(b), which states that failure to respond to a motion is deemed an admission that the motion is well taken. Art argued that the Department's motion to dismiss was mooted when the Department consented to jurisdiction by appearing and answering.

¶8 On April 6, 2001, the District Court dismissed the action for lack of subject matter jurisdiction. Art filed a timely appeal to this Court.

## STANDARD OF REVIEW

¶9 When deciding a motion to dismiss based on lack of subject matter jurisdiction, a trial court must determine whether the complaint states facts that, if true, would vest the court with subject matter jurisdiction. *General Constructors, Inc. v. Chewculator, Inc.*, 2001 MT 54, ¶ 16, 304 Mont. 319, ¶ 16, 21 P.3d 604, ¶ 16 (citing *Liberty Northwest Ins. Corp. v. State Compensation Ins. Fund*, 1998 MT 169, ¶ 7, 289 Mont. 475, ¶ 7, 962 P.2d 1167, ¶ 7). A court's determination that it lacks subject matter jurisdiction is a conclusion of law, which we review to determine whether the court's interpretation of the law is correct. *General Contractors*, ¶ 16 (citing *In re McGurran*, 1999 MT 192, ¶ 7, 295 Mont. 357, ¶ 7, 983 P.2d 968, ¶ 7).

4

## DISCUSSION

¶10 Art petitioned the District Court for judicial review of Mason's overtime wage claim on the grounds that the Department's "decisions are arbitrary and capricious, contrary to the evidence in the record and erroneous as a matter of law." On appeal, Art asserts that the administrative review process violates her right to due process and prompt administration of justice mandated under Article II, Sections 16 and 17 of the Montana Constitution.

¶11 The State contends that Art failed to exhaust her administrative remedies before appealing to the District Court and that the court was correct as a matter of law to dismiss Art's petition for relief on the grounds that the court lacks subject matter jurisdiction over Mason's wage claim until the parties complete the Department's administrative review process outlined by statute and regulation.

¶12 Mason filed her overtime wage claim in January 1997, and the provisions of the Wage Protection Act, Title 39, Chapter 3, Montana Code Annotated (1995), govern this action. The Department of Labor and Industry is authorized to investigate violations and enforce the provisions of the wage and hour statutes. Section 39-3-209, MCA (1995). The commissioner of the Department is empowered by § 39-3-202, MCA (1995), to issue, amend and enforce rules for the purpose of carrying out the wage protection provisions.

¶13 The statutes governing appeals from an initial determination made by the Department on a wage claim provides for an administrative hearing. Section 39-3-216, MCA (1995), states in pertinent part:

5

(2) When the department determines that a wage claim is valid, the department shall mail the determination to the parties at the last-known address of each party. If a party appeals the department's determination within 15 days after the determination is mailed by the department, a hearing must be conducted according to contested case procedures under Title 2, chapter 4, part 6 . . . .

(3) The decision of the hearings officer is final unless further review is initiated pursuant to 39-3-217 within 15 days after the decision is mailed to each party's last-known address.

After a hearing, claims may be appealed to the Board of Personnel Appeals, pursuant to § 39-3-217, MCA (1995),[1] which states, in pertinent part:

> **Appeal to board.** If a party is aggrieved by the decision of the hearings officer, the party may appeal the decision to the board. . . . When a decision is rendered by the board, the board shall mail copies of the decision to each interested party at the party's last-known address and to the department. The decision is final unless an aggrieved party requests a rehearing or initiates judicial review, pursuant to Title 2, chapter 4, part 7, by filing a petition in district court within 30 days of the date of mailing of the board's decision.

Section 2-4-702, MCA (1995), provides the right to district court judicial review of administrative agency decisions and sets forth the conditions for bringing an action. Section 2-4-702, MCA (1995), states in pertinent part:

> **Initiating judicial review of contested cases.** (1)(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by the final decision in a contested case is entitled to judicial review under this chapter . . . .

---

[1] The 1999 Legislature repealed § 39-3-217, MCA, which removed the Board from the administrative appeals process. Section 26, Ch. 442, L. 1999. For claims accruing on or after April 23, 1999, an appeal of the decision resulting from a contested case hearing may be taken directly to district court. Section 30, Ch. 442, L. 1999.

6

¶14    While §§ 39-3-216 and 217, MCA (1995), provided for a two-tier appeals process within the Department, § 2-4-702, MCA (1995), provided for judicial review of the Department's ruling after the administrative appeals process was completed. Section 2-4-702(1)(a), MCA (1995), is the statutory embodiment of the maxim of "exhaustion of remedies," a legal principle that requires a person to exhaust the administrative remedies provided by law before seeking relief through judicial review. *See Gilpin v. State Dep't of Family Services* (1991), 249 Mont. 37, 39, 812 P.2d 1265, 1266-67; *Kunz v. Butte-Silver Bow* (1990), 244 Mont. 271, 274, 797 P.2d 224, 226; *Barnicoat v. Comm'r of Labor and Indus.* (1982), 201 Mont. 221, 225, 653 P.2d 498, 500 ("It is a general principle that if an administrative remedy is provided by statute, that relief must be sought from the administrative body and the statutory remedy exhausted before relief can be obtained by judicial review."). The principle requires exhaustion of administrative remedies in adjudicating particular issues as well as entire cases. *See Marble v. Dep't of Health and Human Services*, 2000 MT 240, ¶ 28, 301 Mont. 373, ¶ 28, 9 P.3d 617, ¶ 28 (holding that an issue that was never squarely raised, argued or adjudicated pursuant to the administrative process was not ripe for judicial review).

¶15    In the case before us, Art contested both claims that Mason filed with the Department in January 1997, arguing that Mason qualified for neither Unemployment Insurance benefits nor overtime wages because she worked as an independent contractor rather than as an employee. Consequently, the Department was first required to resolve the issue of Mason's employment status, which was initially determined by a compliance specialist; then appealed

7

by Art for a contested case hearing; appealed by Art to the Board of Personnel Appeals, which affirmed the earlier decisions; remanded by the Sixth Judicial District Court for rehearing; and transferred to the Workers' Compensation Court. The Workers' Compensation Court concluded that Mason worked as an employee and, on that basis, adjudicated her Unemployment Insurance claim. Because the Workers' Compensation Court held that it was without jurisdiction to resolve Mason's overtime wage claim, the administrative process had to be reinitiated. The Department then assigned the wage claim to a compliance specialist, in accordance with the procedure established by the administrative rules. Rule 24.16.7519, ARM, and Rule 24.16.7531, ARM.

¶16 The compliance specialist determined that the Workers' Compensation Court ruling was dispositive as to Mason's employment status for any wage claim under state law and that Art owed Mason certain overtime wages. Art requested a redetermination, pursuant to Rule 24.16.7534, ARM. The redetermination affirmed the initial determination. As stated above, § 39-3-216(2), MCA (1995), and Rule 24.16.7537, ARM, direct an aggrieved party to request a formal hearing in order to appeal a Department determination on a wage claim. If unsatisfied with the hearing results, the party could then appeal to the Board of Personnel Appeals for relief. Section 39-3-217, MCA (1995), and Rule 24.16.7547, ARM. In this case, instead of following the administrative appeal process, Art filed a petition seeking review in the First Judicial District Court.

¶17 We conclude that by failing to pursue an administrative appeal of the compliance specialists' determinations regarding Mason's wage claim with the Department's Hearings

8

Division and then with the Board, in accordance with statute and regulation, Art failed to exhaust her available administrative remedies. Section 2-4-702(1)(a), MCA (1995), requires Art to exhaust all administrative remedies available before she becomes entitled to judicial review. While Art followed the agency's appeals process when adjudicating the issue of Mason's employment status, she circumvented the process by seeking relief in district court before the wage claim issue was ripe for review. Accordingly, the court was correct to conclude that it lacks jurisdiction to act on Art's petition for judicial review.

¶18 This case has taken a slow and somewhat circuitous route through the administrative appeals process due to the bifurcated adjudication of Mason's two claims. Some of the procedural duplication required to resolve the multiple issues raised in this matter has subsequently been remedied by statute. However, as this case rounds out its fifth year of proceedings, the Appellant presents no authority or basis for concluding that her constitutional rights of due process and prompt administration of justice have been abridged. According to the record, the Department consistently acted without undue delay at each step of the process. In affirming the District Court's order of dismissal for lack of subject matter jurisdiction, we note that Art's unlawful stray into the realm of judicial review has tacked two years onto the adjudication process.

¶19 Affirmed.

_____
Justice

9

We concur:

_____
Chief Justice

_____

_____

_____
Justices