FILED

May 15 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 11-0320

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 107N

IN THE MATTER OF THE ESTATE OF
LOIS A. DU LAC, Deceased,

LINDA M. JENNINGS,

       Appellant,

   v.

LEO DU LAC, ARLINE M. PRENTICE, and
RALPH D. DU LAC, co-trustees of the Du Lac
Family Living Trust dated 12/6/2002,

       Appellees.

APPEAL FROM:   District Court of the Eighth Judicial District,
                  In and For the County of Cascade, Cause No. DDP-10-0019
                  Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Linda M. Jennings, (Self-Represented), Great Falls, Montana

      For Appellees:

          John P. Paul, Law Office of John P. Paul, PLLC, Great Falls, Montana

          Lisa Lynn, Lynn Law Office, Great Falls, Montana

                       Submitted on Briefs:  April 11, 2012

                               Decided:  May 15, 2012

Filed:

                  _____
                              Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Linda Jennings appeals the order of the Eighth Judicial District Court of Cascade County dismissing her action for lack of subject matter jurisdiction. Jennings is the daughter of Lois and Leo Du Lac. Lois Du Lac (hereinafter referred to as Du Lac) died on October 20, 2009, at the age of 89. On January 25, 2010, Jennings filed a petition with the District Court seeking, among other things, formal probate of her mother's will. Jennings acknowledged that Du Lac was domiciled and died in San Bernardino County, California, but claimed that Du Lac "had other property in [Cascade County] at the time of death." The District Court granted Jennings' petition and appointed Jennings as her mother's personal representative. A Notice of Appointment was sent to Jennings' father, her four siblings, and her eight nieces and nephews, none of whom resided in Montana, notifying them of a scheduled uncontested probate hearing.

¶3 On April 14, 2010, Leo Du Lac, Arline Prentice and Ralph Du Lac, all of whom were co-trustees of the Du Lac Family Trust (collectively referred to as Co-trustees), filed an objection in District Court seeking dismissal of the Montana action based upon lack of jurisdiction. Following briefing and pursuant to §§ 3-5-124 to -126, MCA, the District Court referred the matter to Standing Master Brian Bulger.

2

¶4 On February 22, 2011, the Standing Master issued his Findings of Fact, Conclusions of Law, and Standing Master's Report in which he determined that the Montana District Court did not have jurisdiction over Du Lac's estate. The District Court subsequently adopted the Standing Master's ruling and issued a written order affirming dismissal of the matter for lack of subject matter jurisdiction. Jennings appeals. We affirm.

¶5 The sole issue presented for review is whether the District Court properly dismissed the matter for lack of subject matter jurisdiction. A trial court's determination that it lacks subject matter jurisdiction is a conclusion of law which we review to determine whether the court's interpretation of the law is correct. *Art v. Mont. Dep't of Labor & Indus.*, 2002 MT 327, ¶ 9, 313 Mont. 197, 60 P.3d 958. (Citations omitted.)

¶6 Jurisdiction pertains to the fundamental power of a court to hear and decide a case. *Judicial Stds. Comm'n v. Not Afraid*, 2010 MT 285, ¶ 10, 358 Mont. 532, 245 P.3d 1116. Once a court determines that it lacks subject matter jurisdiction, it has no choice but to dismiss the case. *Lurie v. Blackwell*, 285 Mont. 404, 409, 948 P.2d 1161, 1164 (1997).

¶7 Section 72-1-201, MCA, provides, in relevant part, that the Montana Uniform Probate Code applies to the property of nonresidents located in this state or property coming into the control of a fiduciary who is subject to the laws of this state. Additionally, § 72-3-112, MCA, states:

> (1) Venue for the first informal or formal testacy or appointment proceedings after a decedent's death is:
>     (a) in the county where the decedent had the decedent's domicile at the time of death; or

3

(b) if the decedent was not domiciled in this state, in any county where property of the decedent was located at the time of death.

¶8 Jennings claimed in her Petition for Formal Probate that Du Lac had "property" in Cascade County, Montana, and therefore Cascade County was a proper venue for Jennings to seek appointment as Du Lac's personal representative. Jennings subsequently revealed that the ostensible "property" belonging to Du Lac in Cascade County consisted of (1) an old pair of eyeglasses; (2) a document purporting to be Du Lac's Last Will and Testament; and (3) various contracts pertaining to Du Lac's California assets including a "contract to make a will" between Jennings and her mother. These documents were dated July 2000. The Standing Master examined the documents Jennings supplied to the court. He was unable to decipher them to determine whether they were even contracts at all, much less whether they were ever the property of Du Lac. Moreover, a random pair of eyeglasses that allegedly once belonged to Du Lac is simply not sufficient "property" to justify the opening of an estate. Thus, there was no clearly ascertainable "property of [a] non-resident[] located in this state" that was sufficient to confer subject matter jurisdiction on the District Court for purposes of administering an estate.

¶9 The record reflects that Du Lac created the Du Lac Family Trust into which all of her assets were transferred and that she executed her Last Will and Testament in California on November 14, 2007, some seven years after the dates of Jennings' tendered documents. As the record indisputably establishes that all of Du Lac's real and personal property were held in the Du Lac Family Trust in California, her state of residence and

4

the place of her death, the Standing Master and the District Court correctly concluded that Jennings failed "to demonstrate any tangible connection between the estate of the deceased and the State of Montana." We therefore affirm the court's dismissal of the matter based upon its conclusion that it lacked subject matter jurisdiction to administer this probate estate.

¶10 Co-trustees request fees and costs incurred during the District Court proceedings and on appeal. Under M. R. App. P. 19(3), we grant an award of costs only.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶12 Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES C. NELSON
/S/ JIM RICE