No.   91-043

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

SARAH ELIZABETH GILPIN and GARY GILPIN,
d/b/a BETTY'S DAY CARE,

            Plaintiffs and Appellants,

      -v-

STATE OF MONTANA; DEPARTMENT OF FAMILY
SERVICES OF THE STATE OF MONTANA; HANK
HUDSON, Acting Director; PAT BERGSTROM,
Community Social Worker Supervisor;
LORRI CLARK, Community Social Worker II;
MARSHA BRUNETT, Community Social Worker
Supervisor; LINDA WALKER, Regional
Administrator; and JANE DOE, Social Worker,

            Defendants and Respondents.

FILED

JUN 11 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Joel G. Roth, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

           Barbara E. Bell; Bell & Marra; Great Falls, Montana

       For Respondent:

           Ann Gilkey; Department of Family Services; Helena,
           Montana


                        Submitted on Briefs:   May 2, 1991

                             Decided:   June 11, 1991

Filed:

                              Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

The Gilpins initiated this suit for damages for temporary suspension of their day care license by the Department of Family Services. Following a hearing, the District Court for the Eighth Judicial District, Cascade County, dismissed the Gilpins' claim. The Gilpins appeal. We affirm.

The dispositive issue presented is whether the District Court erred in dismissing the Gilpins' claim on the grounds that the District Court lacked jurisdiction because the Gilpins had failed to exhaust the administrative remedies available to them.

The Gilpins assert that under § 3-5-302(3), MCA, the District Court erred in concluding that it did not have jurisdiction. Section 3-5-302(3), MCA, provides:

> The district court has <u>exclusive original jurisdiction</u> in all civil actions that might result in a judgment against the state for the payment of money. (Emphasis added.)

The Gilpins allege that because they have asked for monetary damages, § 3-5-302(3), MCA, allows them to avoid the Montana Administrative Procedure Act (MAPA), Title 2, Chapter 4, MCA. The underlying issue is whether their license was erroneously or maliciously suspended. This issue is clearly covered by MAPA.

The action taken by the Department in suspending the Gilpins' license is considered to be an "adverse action" as defined in 11.2.201(c), ARM.

> (1)  "Adverse action" means:
> . . .
> (d)  an action by the department denying, suspending, reducing, revoking or failing to renew the license or the

2

registration certificate of a provider.

11.2.203(1), ARM, provides:

> (1) A claimant or provider who is aggrieved by an adverse action of the department shall be afforded the opportunity for a hearing as provided in this chapter.

11.2.210, ARM, requires that an administrative review, either in person or by telephone, be conducted "with the purpose of resolving the case and avoiding an unnecessary hearing."

Following the suspension of the day care license, Betty Gilpin requested a hearing regarding the Department's suspension of her day care license. The hearing examiner in the Department of Family Services' State Office appointed Boyce Fowler, a Department employee who had previously not been involved with the case, to conduct an administrative review of the grievance pursuant to 11.2.210, ARM. Fowler held a telephone conference with Betty Gilpin and discussed the scheduled administrative review. They concluded that since her license had been reinstated, an administrative review would not be helpful toward resolving the issue of suspension. Ms. Gilpin stated that she still wanted a hearing regarding the suspension. Mr. Fowler sent her a form which summarized the result of the administrative review and contained a request for a hearing. This form was never signed by the Gilpins, nor was it returned to the Department. Consequently, a hearing was not scheduled nor held. In lieu of proceeding with a hearing, the Gilpins filed the present claim in District Court.

Section 2-4-702(1), MCA, provides that a person who has "exhausted all administrative remedies available within the agency

3

and who is aggrieved by a <u>final</u> decision in a contested case is entitled to judicial review . . ." There has not been a final decision by the agency in this case regarding whether the suspension of the Gilpins' license was proper. In addition, the Gilpins have not made a showing, pursuant to § 2-4-701, MCA, that a review of a final agency decision by a hearings examiner would not provide an adequate remedy to their grievance which would justify an immediate review of the agency's action by the District Court.

We hold that the District Court did not err in dismissing the Gilpins' claim on the grounds the District Court lacked jurisdiction because the Gilpins had failed to exhaust the administrative remedies available to them. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4

June 11, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Barbara E. Bell
Bell & Marra
Ste. 201, 9 Third St. No.
Great Falls, MT   59401

Ann Gilkey, Legal Counsel
Dept. of Family Services
P.O. Box 8005
Helena, MT   59604

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy