No. 99-347

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 240

CAROLYN M. MARBLE,

Plaintiff and Appellant,

v.

STATE OF MONTANA, DEPARTMENT

OF HEALTH AND HUMAN SERVICES,

Defendant and Respondent,

and

BENEFIS HEALTHCARE,

Intervenor and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Sunday Z. Rossberg, McPherson & Hutchison, Great Falls, Montana

For Respondent:

Barbara B. Hoffman, Special Assistant Attorney General, State of Montana, Department of Public Health and Human Services, Helena, Montana

Submitted on Briefs: October 28, 1999
Decided: August 31, 2000

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Intervenor Benefis Healthcare (Benefis) appeals an Order issued by the Eighth Judicial District Court, Cascade County, denying its motion to declare Carolyn Marble (Marble) eligible for Medicaid, and compel payment of Medicaid nursing home benefits. We affirm.

¶2 Benefis raises the following issues for review:

> 1. Does Montana's Administrative Procedures Act (MAPA) preclude the Department of Health and Human Services from raising new reasons to deny Medicaid eligibility before the District Court when the Department failed to raise those issues that were previously known at the administrative level?

> 2. Does the doctrine of *res judicata* preclude the Department of Health and Human Services from raising a new basis of denial before the District Court when the Department failed to raise those issues that were previously known at the administrative level?

> 3. Whether the Department of Health and Human Services may claim that excess resources should have been spent down during a period when the Department claimed the applicant was ineligible for another independent reason and was constructively prevented from spending down the resources because such a spend-down would not remove the independent basis for denying Medicaid eligibility?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 This appeal is a product of a fairly lengthy and complex administrative hearings process which resulted, ultimately, in the denial of Marble's eligibility for Medicaid

nursing home benefits. Marble, who suffers from Alzheimer's disease and has resided at Appellant's Benefis Skilled Nursing Center since June of 1993, filed an application for benefits in December of 1996. This application followed the death of her husband that year, and was submitted by her son, Don, who serves as her guardian. The application was merely intended to continue Marble's eligibility, a determination that the Department of Public Health and Human Services (hereinafter Department), had already made in 1994, but then terminated in July of 199 following Marble's receipt of insurance proceeds.

¶5 Marble's eligibility application was denied by the Department in January of 1997, due to "excess resources," which included a bank account with a balance of a little over $3,000, and approximately $31,000 in life insurance proceeds she had received. This determination usually requires that the person first expend such excess resources--i.e., "spend-down" the assets--on medical care before eligibility is reinstated. In some instances, however, this can be accomplished within a month, and eligibility is then reinstated.

¶6 The Department also informed Marble that she may be ineligible due to her late husband's transfer of the family home to their children, which was deemed a "transfer of resources," because her husband did not receive "adequate compensation for this property." The key difference between this latter determination and the former is that the ineligibility due to such a transfer continues for a specified period of time, based on the value of the transfer. This period cannot be shortened by any action on the part of the person deemed ineligible. The record here indicates that the penalty period would have extended until July of 1999. For this reason, this latter determination became the focal issue in dispute.

¶7 Marble challenged her denial of eligibility based on the "transfer of resources" determination, requesting a hearing before a Fair Hearing officer, which took place on June 4, 1997. Likewise, Benefis became involved, seeking Medicaid payments for Marble's nursing home care expenses dating back to 1996. Marble and the Department both filed briefs following the tele-conference hearing. Again, the focal argument pertained to the "transfer of resources" issue. The Department's denial based on "excess resources" was referenced only in the factual portions of the briefs and was not addressed in either party's argument.

¶8 On September 12, 1997, the presiding officer of the Fair Hearing determined that the house transfer in question did not disqualify Marble from receiving benefits. Specifically,

the hearing officer determined that "the property Claimant's spouse transferred to the children was transferred exclusively for a purpose other than to qualify Claimant for medicaid." The officer ordered that "Cascade County shall not find Claimant ineligible for Medicaid for *purposes of the transfer of property*" (emphasis added). Although addressing the issue of "excess resources," in its findings, the officer did not issue a final determination on whether the bank account and insurance proceeds rendered Marble ineligible. ¶On September 26, 1997, the Department appealed the officer's decision regarding the "transfer of resources" to the Board of Public Assistance, which reversed the decision, concluding that the house transfer rendered Marble ineligible.

¶9 In January of 1998, Marble then turned to the District Court for a judicial review, and filed a brief in support of her petition in April of that year. The petition and supporting brief, although mentioning the "excess resources" basis for the Department's original denial, exclusively addressed and argued that the "transfer of resources" decision by the Board should be reversed.

¶10 In the mean time, the Department informed the court that it had reversed its determination regarding Marble's Medicaid eligibility based on the "transfer of resources," and subsequently did not file a response brief. In a May 22, 1998 letter to the presiding District Court judge, the Department explained that:

> [T]he Department has determined that the transfer of the Marble family home by her husband, James Marble, to their children without compensation in July 1996 does not constitute a disqualifying transfer of assets which renders Mrs. Marble ineligible for Medicaid nursing home care.

The Department also informed the court that, based on the foregoing, it would draft a settlement agreement for Marble's signature. At this point, the penalty for the transfer would have expired in little more than a year anyway. It is unclear, however, whether the Department's "settlement" would have fully reinstated Marble's eligibility, including retroactive payments for her nursing home care.

¶11 The dispute failed to quietly disappear. Apparently, the Department refused Marble's overtures that a settlement should include attorney's fees, and thus no settlement was executed. Further, based on the Department's concession on appeal, Benefis requested that the Department pay it retroactive Medicaid benefits on Marble's behalf. In response, the Department asserted that although the transfer of the family home issue had been resolved,

the other basis for denial--excess resources--remained viable, and therefore denied Benefis's request.

¶12 This dispute led to both Marble and Benefis filing motions in the fall of 1998 with the District Court, requesting attorney's fees, and an order to declare Marble eligible for Medicaid and compel payment of Medicaid benefits.

¶13 At a hearing on October 14, 1998, which primarily focussed on the issue of attorney's fees, counsel for the Department explained that Marble remained ineligible for Medicaid benefits based on the unresolved issue of excess resources, which had not been administratively adjudicated. Appellants asserted at the hearing that this issue could not be raised for the first time on appeal to the District Court.

¶14 The District Court, in an Order issued October 25, 1998, ruled in favor of the Department to the extent that the "excess resources" issue would have to be "dragged back through the entire administrative process." Thus, the court denied Benefis's motion to declare Marble eligible for Medicaid and compel payment of Medicare benefits. The court stated that "it appears that the present issue standing in the way of said payments is whether or not certain insurance payments available to the Petitioner have been first applied." The court also denied both Marble's and Benefis's motions for attorney's fees.

¶15 The Appellants filed motions for post-judgment relief, asserting that the Department had failed to raise the "excess resources" issue prior to the appeal, and therefore could not now deny her eligibility. These motions were deemed denied. Benefis appealed the final Order of the District Court.

## STANDARD OF REVIEW

¶16 A district court reviews an administrative decision in a contested case to determine whether the substantial rights of the appellant have been prejudiced because the agency exceeded its authority, abused its discretion, made clearly erroneous findings of fact, or interpreted the law incorrectly. *See Hearing Aid Inst. v. Rasmussen* (1993), 258 Mont. 367, 371-72, 852 P.2d 628, 631; *see also* § 2-4-704(2), MCA. We employ the same standards when reviewing a district court order affirming or reversing an administrative decision. *See Langager v. Crazy Creek Prod., Inc.*, 1998 MT 44, ¶ 13, 287 Mont. 445, ¶ 13, 954 P.2d 1169, ¶ 13.

# DISCUSSION

¶17 For discussion, we consolidate and restate the issue as follows:

> *Did the District Court err by denying Benefis's motion to declare Marble eligible for Medicaid and compel payment of Medicaid nursing home benefits?*

¶18 Benefis argues that the District Court erred by not declaring that Marble is eligible for Medicaid. Benefis contends that Marble's eligibility was tacitly approved by the Department once it conceded that the "transfer of resources" issue was moot, and informed the District Court that it would settle and not defend on appeal. Thus, the Department should rightfully compensate Marble--and therefore her creditor, Benefis--for the entire period that the Department wrongfully deemed her ineligible.

¶19 Further, Benefis argues that the doctrine of *res judicata*--along with several other related legal theories--should bar the Department from denying eligibility at this date based on "excess resources," because the Department had an ample opportunity to assert this right at the first hearing, and chose not to do so.

¶20 The Department contends that the only issue litigated in this matter was the "transfer of resources" issue, and therefore its continued denial of eligibility based on "excess resources" remains valid to this day. The Department argues that it was not its responsibility to raise and pursue the issue of "excess resources," and it presumed from the start that both Marble and Benefis had conceded the issue by not addressing it themselves. Accordingly, the Department argues that if *res judicata* applies, it should be applied in its favor, because Marble and Benefis were the parties who initiated the original Fair Hearing.

¶21 In response, Benefis suggests that the Department simply changed its mind after already agreeing to settle, which implies that Marble's eligibility would have been reinstated but for this change of heart. Therefore, the District Court erred by refusing to consider Benefis's motion--and force the Department to abide by its agreement to settle as well as its concession that Marble was eligible throughout this dispute.

¶22 Contrary to Benefis's contentions, however, we conclude that the District Court did not expressly rule one way or the other on the issue of whether the Department has a continuing right to deny Medicaid eligibility to Marble under the "excess resource" theory. The court simply did not reach any such conclusion. That this lingering issue was

discussed at the hearing and presented in expository background information, does not mean that the issue was "framed" by the Department and presented for the court's determination. As indicated by the District Court, the issue of "excess resources" was not properly before the court, and presumably is one that must first run the gamut of the administrative review process. We agree, and hold that this determination was correct. The District Court therefore properly refrained from expressly ruling on Marble's Medicaid eligibility and whether the Department must pay nursing home care benefits accrued since Marble's December 1996 application.

¶23 Thus, from a practical standpoint, there are simply no findings or conclusions for this Court to review. The District Court's denial of the parties' motions for attorney's fees was not appealed. The issue of the house transfer was deemed moot by the court, and likewise was not appealed.

¶24 As for the administrative proceedings subject to the District Court's review, Benefis argues that the Department (and not Marble or Benefis) conceded the "excess resources" issue pursuant to its last notice given to Marble in May of 1997. This assertion misconstrues the content of the final notice. Although offering express details concerning the issue of the house transfer, the notice nevertheless provided that the "reason [sic] for denying this application remain as stated in this 1-31-97 notice." The January notice, in turn, explained that Marble's eligibility had been denied due to excess resources and, possibly, the transfer of the family home, which was confirmed in a later notice. Therefore, that Marble and Benefis, both of whom initiated the Fair Hearing, were somehow misled by the Department as to what issues or further action they could or should pursue regarding Marble's eligibility must be disregarded.

¶25 Next, contrary to the Department's argument, the officer for the Fair Hearing review did not reach any sort of a conclusion based on any of the findings pertaining to the "excess resources." (The Department repeatedly contends that the officer "found" that Marble was denied eligibility due to excess resources, when in fact the officer's Fair Hearing Decision merely recited this information as presented by the parties). Therefore, there was no adverse decision that Marble or Benefis missed the opportunity to appeal.

¶26 Following the Fair Hearing officer's decision, neither party took action to pursue the omission of the "excess resources" issue. Rather, the Department appealed the adverse "transfer of resources" decision. Consequently, on appeal the Board of Public Assistance did not review the issue of "excess resources," which was essentially a non-issue at that

stage.

¶27 In turn, the only issue presented for review to the District Court, pursuant to § 2-4-702, MCA, was the Board's reversal of the Fair Hearing officer's determination that the house transfer did not render Marble ineligible. This issue was deemed moot, following the Department's letter of concession to the court.

¶28 Thus, the issue of "excess resources" was never properly raised, argued, or adjudicated pursuant to the administrative process, and therefore was never ripe for judicial review, pursuant to § 2-4-702(1)(a), MCA (providing that a person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review). *See generally Gilpin v. State* (1991), 249 Mont. 37, 39, 812 P.2d 1265, 1266-67 (affirming district court's dismissal based on lack of jurisdiction because the appellant had failed to exhaust the administrative remedies available to them, pursuant to § 2-4-702, MCA).

¶29 We hold, therefore, that the denial of Marble's Medicaid eligibility based on "excess resources" must first be challenged at the administrative level. Although all parties had an opportunity to do so--resulting in the current thorough exchange of finger-pointing--and testimony before the District Court indicates that the "excess resources" in question may have, in fact, been "spent-down," the fact remains that this issue was never squarely presented to the Fair Hearing officer, who in turn never adjudicated this particular denial. In essence, Benefis and Marble have not exhausted "all administrative remedies," pursuant to § 2-4-702, MCA, and therefore there was no "final decision" upon which the District Court could assume jurisdiction. *See Gilpin*, 249 Mont. at 39, 812 P.2d at 1266-67.

¶30 Based on the foregoing, we affirm the decision of the District Court that dismissed Benefis's motion to declare Marble eligible for Medicaid and compel payment of Medicaid benefits.

/S/ JAMES C. NELSON

We Concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART