FILED

06/09/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0549

DA 19-0549

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 150

THOMAS FLOWERS,

       Petitioner and Appellant,

  v.

BOARD OF PERSONNEL APPEALS, MONTANA
DEPARTMENT OF FISH, WILDLIFE AND PARKS,

       Respondents and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
                 In and For the County of Lewis and Clark, Cause No. DDV 2019-183
                 Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

            Palmer A. Hoovestal, Hoovestal Law Firm, PLLC, Helena, Montana

       For Appellee:

            Aimee Hawkaluk, Department of Fish, Wildlife and Parks, Helena, Montana

                        Submitted on Briefs:  April 1, 2020

                              Decided:  June 9, 2020

Filed:

                                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Appellant Thomas Flowers appeals the First Judicial District Court's dismissal of his petition for judicial review for failure to exhaust Department of Fish, Wildlife and Parks ("FWP") employee grievance remedies. When a hearing officer recommended an order dismissing Flowers's grievance as untimely, Flowers filed a petition for judicial review after that order became final twenty days later. Because Flowers did not pursue the final step of the available administrative process, the court dismissed the petition on FWP's motion. The court ruled alternatively that Flowers's claims were barred by collateral estoppel. Flowers challenges both rulings on appeal. We affirm on the dispositive ground that Flowers failed to exhaust administrative remedies.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Flowers has worked for FWP for over thirty years. In the summer of 2015, FWP hired Flowers as its Enforcement Division Chief. On January 4, 2016, another candidate, David Loewen, filed a grievance with FWP challenging FWP's hiring and selection process for the position. Hearing Officer Steven Wise held a hearing on Loewen's grievance on June 27, 2016, at which Flowers testified. On December 8, 2016, Hearing Officer Wise recommended that Loewen be appointed to the Enforcement Division Chief position or to the Enforcement Division Assistant Chief position with back pay and benefits. FWP consequently appointed Loewen as division chief and reassigned Flowers to a different position with the same pay effective January 9, 2017.

¶3     Flowers petitioned for judicial review of the Loewen grievance decision on April 21, 2017.  District Judge Mike McMahon determined that Flowers had not exhausted all available administrative remedies by filing his own grievance regarding his reassignment and had failed to exercise his right to intervene in Loewen's grievance pursuant to Admin. R. M. 24.26.204.[1]  Judge McMahon dismissed the petition with prejudice on April 20, 2018.  He noted that because Flowers was reassigned on January 8, 2017, his deadline to file a grievance was July 10, 2017, pursuant to Admin. R. M. 24.26.403(1)(a).

¶4     Flowers then filed a grievance on June 28, 2018, asserting that he had been unlawfully reassigned and requesting reinstatement.  FWP responded by letter that Flowers's grievance was time-barred under § 87-1-205, MCA, and Admin. R. M. 24.26.403(1)(a), which requires a grievance to be filed within 180 days after the alleged incident or action occurs.  The Board of Personnel Appeals ("BOPA") appointed an investigator to review the case.  On October 9, the investigator issued a preliminary decision denying Flowers's grievance as untimely.  Flowers appealed the preliminary decision on October 16 and argued for equitable tolling of his grievance deadline.  On January 14, 2019, Hearing Officer Caroline Holien issued findings of fact, conclusions of law, and a recommended order, recommending that Flowers's grievance "be denied as being untimely with no grounds available for extending the time allowed for the filing of his grievance."  The recommended order also included the following notice:

---

[1] All references to the administrative rules are to those in effect in 2017 during the pendency of these proceedings.

Pursuant to Admin. R. Mont. 24.26.403(3)(c), this RECOMMENDED ORDER shall become the Final Order of this Board unless written exceptions are filed, postmarked no later than February 6, 2019. This time period includes the 20 days provided for in Admin. R. Mont. 24.26.403(3)(c), and the additional 3 days mandated by Rule 6(e), [M. R. Civ. P.], as service of this Order is by mail.

¶5 Flowers did not file exceptions. Instead, on February 13, he filed a second petition for judicial review in the District Court. FWP moved to dismiss on two grounds: first, that Flowers had failed to exhaust available administrative remedies; and second, that the doctrine of collateral estoppel barred his claims because Judge McMahon's prior order had resolved the same issues presented in the second petition—whether his grievance was timely and whether he was required to exhaust administrative remedies. Presiding District Judge James Reynolds "join[ed] Judge McMahon in [the court's] sincere sympathy for Flowers[,]" but concluded that his failure to timely file a grievance or intervene in Loewen's grievance was fatal to his case and granted FWP's motion to dismiss.

## STANDARDS OF REVIEW

¶6 The District Court determined that it lacked subject matter jurisdiction over Flowers's petition based on his failure to exhaust administrative remedies. We review de novo a district court's grant of a motion to dismiss for lack of subject matter jurisdiction. *Stowe v. Big Sky Vacation Rentals, Inc.*, 2019 MT 288, ¶ 12, 398 Mont. 91, 454 P.3d 655. A court's decision that a party failed to exhaust administrative remedies presents a conclusion of law reviewed for correctness. *See Schuster v. Northwestern Energy Co.*,

4

2013 MT 364, ¶ 6, 373 Mont. 54, 314 P.3d 650 (citation omitted); *Art v. Mont. Dep't of Labor & Indus.*, 2002 MT 327, ¶ 9, 313 Mont. 197, 60 P.3d 958.[2]

**DISCUSSION**

¶7 The District Court determined—and FWP maintains on appeal—that by failing to file exceptions to Hearing Officer Holien's recommended order, Flowers fatally failed to exhaust his administrative remedies. Flowers contends that under Admin. R. M. 24.26.403, the filing of exceptions is not a prerequisite to seeking judicial review. He argues further that Hearing Officer Holien's recommended order was a procedural ruling entitled to immediate judicial review pursuant to § 2-4-701, MCA. He thus contends that he sufficiently exhausted FWP's administrative process.

¶8 It is well-settled that a person is not entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51, 58 S. Ct. 459, 463 (1938); *see also Art*, ¶ 14 (citations omitted). The exhaustion doctrine "allows a governmental entity to make a factual record and to correct its own errors within its specific expertise before a court interferes." *Bitterroot River Prot. Ass'n v. Bitterroot Conservation Dist.*, 2002 MT 66, ¶ 22, 309 Mont. 207, 45 P.3d 24. For a case to be ripe for judicial review,

---

[2] Both parties cite to *Shoemaker v. Denke*, 2004 MT 11, ¶ 15, 319 Mont. 238, 84 P.3d 4, in which we stated, "We review a district court's ruling on a motion to dismiss 'to determine whether the court abused its discretion.'" The abuse of discretion standard does not apply. The case cited for that proposition in *Shoemaker* noted, "However, a court's determination that it lacks subject matter jurisdiction is a conclusion of law which we review to determine whether the court's interpretation of the law is correct." *Pickens v. Shelton-Thompson*, 2000 MT 131, ¶ 7, 300 Mont. 16, 3 P.3d 603.

each individual issue must have been properly raised, argued, or adjudicated pursuant to the administrative process. *Marble v. State*, 2000 MT 240, ¶ 27, 301 Mont. 373, 9 P.3d 617.

¶9    Section 2-4-702(1)(a), MCA, embodies the maxim of exhaustion of remedies. *Art*, ¶ 14. It provides, "[A] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final written decision in a contested case is entitled to judicial review[.]" Accordingly, we begin by examining FWP's grievance process and the remedies it affords.

¶10    FWP is authorized to adjudicate serious matters of employment raised by its employees, subject to BOPA review. Section 87-1-205, MCA. Admin. R. M. 24.26.403 sets forth a three-step grievance procedure for FWP employees. First, the grieving employee must complete a Personnel Grievance form within 180 days after the alleged incident and submit it to an immediate supervisor or department designee. Admin. R. M. 24.26.403(1)(a). Second, if after timely receiving a response the employee wishes to continue the grievance, the employee must submit the form to the department head. Admin. R. M. 24.26.403(2)(a). Third, if the department head's response is timely returned to the employee and the employee wishes to continue the grievance, the employee must submit the form to BOPA. Admin. R. M. 24.26.403(3)(a). Rule 24.26.403(3) further provides in relevant part:

> (b) An agent of the board of personnel appeals shall have 30 days from the receipt of the form to conduct an inquiry and render a preliminary decision. If the employee or the department rejects the preliminary decision, appeal to the board must be made within 5 working days. The board, a member of the board or an examiner appointed by the board shall schedule a hearing in accordance with appropriate provisions of the Administrative Procedure Act within 30 days of rejection of the preliminary decision.

(c) If a member of the board or an examiner appointed by the board presides over the hearing, the member, or the examiner . . . shall issue and cause to be served on the parties to the proceeding a proposed decision together with a recommended order, which shall be filed with the board, *and if no exceptions are filed within 20 days after service thereof upon the parties*, or within such further period as the board may authorize, the recommended order shall become the order of the board.

(Emphasis added.) Hearing Officer Holien's notice—advising the parties to file written exceptions by February 6—is consistent with Admin. R. M. 24.26.403(3)(c).

¶11 Flowers contends that Admin. R. M. 24.26.403 allows for a recommended order to become final regardless of whether a party files exceptions. He argues that once the order becomes final by operation of the rule, a party may seek judicial review.

¶12 FWP counters, relying on our decision in *Art*. Art sought judicial review of an administrative decision that she owed overtime wages to a domestic worker. *Art*, ¶ 7. A compliance specialist issued a finding in favor of the worker. *Art*, ¶ 6. Art requested reconsideration, and a second compliance specialist affirmed the determination. *Art*, ¶ 6. After denying Art's application for a stay of administrative appeals pending judicial review, the Department transferred the matter to its Hearings Division. *Art*, ¶ 7. Art petitioned for judicial review and injunctive relief. *Art*, ¶ 7. The District Court dismissed the action for lack of subject matter jurisdiction because Art failed to exhaust her administrative remedies. *Art*, ¶ 8. On appeal, we observed that applicable statutes and administrative rules "direct an aggrieved party to request a formal hearing in order to appeal a Department determination on a wage claim. If unsatisfied with the hearing results, the party could then appeal to the Board of Personnel Appeals for relief." *Art*, ¶ 16. We

affirmed, concluding that by failing to appeal the compliance specialist's determination in accordance with statute and regulation, Art failed to exhaust her available administrative remedies, thereby precluding judicial review. *Art*, ¶ 17.

¶13 Here, as in *Art*, Flowers failed to exhaust all remedies of the administrative body. Flowers tries to distinguish his case, pointing out that unlike Art, he fully participated in the administrative process by filing briefs, attending oral argument, and obtaining a final order of BOPA. But, though he completed more available administrative steps than Art did, Flowers did not pursue to their conclusion "all administrative remedies available" before seeking judicial review. *Art*, ¶ 17; § 2-4-702(1)(a), MCA. Hearing Officer Holien's recommended order directed him to file exceptions with BOPA if he was unsatisfied with her decision. That her recommendation became a final order of the Board twenty days later did not obviate the requirement to file exceptions in order to completely exhaust the "available" administrative remedies.

¶14 Flowers argues that the Hearing Officer decided only that his claim was untimely, did not address the merits, and therefore was purely procedural and subject to immediate review under § 2-4-701, MCA, without the need to file exceptions. That section provides, "A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." Section 2-4-701, MCA. FWP points out that Flowers failed to raise this argument in the District Court.[3] In general, this Court will not consider issues and legal theories raised for

_____

[3] Flowers disputes this contention, pointing out that the relief his petition requested was "an order that Flowers' grievance was not time-barred" and that the doctrine of equitable tolling

8

the first time on appeal. *See, e.g., Gateway Hosp. Grp. Inc. v. Phila. Indem. Ins. Co.*, 2020 MT 125, ¶ 15, ___ Mont. ___, ___ P.3d ___. It is unfair to fault the trial court for failing to rule correctly on an issue it was never given an opportunity to consider. *Gateway*, ¶ 15. We decline to consider Flowers's legal theory that § 2-4-701, MCA, entitled him to immediate judicial review and excused his failure to exhaust all available administrative remedies.

¶15 Flowers asserts further that he was not required to exhaust administrative remedies because his petition raised a constitutional issue—denial of due process. "Constitutional questions are properly decided by a judicial body, not an administrative official, under the constitutional principle of separation of powers." *Hoffman v. State*, 2014 MT 90, ¶ 9, 374 Mont. 405, 328 P.3d 604 (quoting *Mitchell v. Town of W. Yellowstone*, 235 Mont. 104, 109, 765 P.2d 745, 748 (1988)). "Thus, when a party raises a bona fide constitutional claim, he has a right to resort to declaratory judgment, rather than submitting himself to an ordinance or rule he deems unconstitutional."

---

should apply, which he characterizes as purely procedural questions. But he acknowledges that his petition expressly sought judicial review only under § 2-4-702(2)(a), MCA. In *Wilson v. Dep't of Pub. Serv. Regulation*, 260 Mont. 167, 172, 858 P.2d 368, 371 (1993), we made clear that §§ 2-4-701 and -702 provide distinct avenues to judicial review. Section -702, on which Flowers relied in the District Court, "requires exhaustion of administrative remedies and states the rule that judicial review will generally only be available to a person aggrieved by a *final* agency decision." *Wilson*, 260 Mont. at 172, 858 P.2d at 371. In contrast, -701 relieves the exhaustion requirement, *see Mont. Trout Unlimited v. Mont. Dep't of Natural Res. & Conservation*, 2006 MT 72, ¶ 31, 331 Mont. 483, 133 P.3d 224, but imposes "a heavy burden to demonstrate that judicial review of the final agency decision would not provide an adequate remedy." *Wilson*, 260 Mont. at 172, 858 P.2d at 371 (holding that judicial review of the final agency decision was not adequate where, under the facts of that case, the agency failed to afford Wilson fundamental fairness and due process). Flowers did not argue the application of § 2-4-701, MCA, to the District Court.

*Brisendine v. Dep't of Commerce*, 253 Mont. 361, 365, 833 P.2d 1019, 1022 (1992) (citing *Mitchell*, 235 Mont. at 108, 765 P.2d at 748). But this exception does not afford relief when the plaintiff "can still seek" effective relief from an agency action that is not final. *Brisendine*, 253 Mont. at 365, 833 P.2d at 1022. *See also Mt. Water Co. v. Mont. Dep't of Pub. Serv. Regulation,* 2005 MT 84, ¶ 14, 326 Mont. 416, 110 P.3d 20 (rejecting a party's attempt to "skip the administrative process[]" as an "unwarranted intrusion into [the agencies'] regulatory authority"). Flowers's due process argument rests on his challenge to Hearing Officer Holien's preliminary ruling that his grievance was untimely and that he had not established grounds for extending the time allowed for its filing. The requirement that Flowers exhaust this claim before BOPA is part of the process he was due in grieving FWP's selection decision; it is not a bona fide constitutional challenge that exempts him from pursuing administrative remedies to their conclusion.

¶16 Finally, Flowers challenges the District Court's ruling that his claims are barred by the doctrine of collateral estoppel. He argues that the issues presented in the second petition for judicial review were not identical to those resolved by Judge McMahon in the first petition. Having concluded that Flowers failed to exhaust his administrative remedies and that this error is fatal to his claim, we decline to address the issue of collateral estoppel. Our resolution of the exhaustion issue is dispositive to Flowers's appeal.

**CONCLUSION**

¶17    The District Court did not err in concluding that Flowers's failure to file exceptions to Hearing Officer Holien's recommended order barred his petition for judicial review. Its order of dismissal is affirmed.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

Justice Laurie McKinnon did not take part in the consideration of this matter.