FILED

03/31/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0298

DA 25-0298

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 71N

BOBBY F. LOWRY,

       Petitioner and Appellant,

  v.

MONTANA DEPARTMENT OF
LABOR AND INDUSTRY, STATE
ELECTRICAL BOARD,

       Respondent and Appellee.

APPEAL FROM:   District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DV-24-534
                  Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Bobby Francis Lowry, Self-Represented, Farmington, New Mexico

      For Appellee:

      Quinlan O'Connor, Agency Counsel, Montana Department of Labor
      & Industry, Helena, Montana

Submitted on Briefs:  December 10, 2025

Decided:  March 31, 2026

Filed:

                                       _____
                                            Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Bobby Francis Lowry appeals from the Fourth Judicial District Court's order dismissing his petition for judicial review and affirming the State Electrical Board's (Board) final decision to sanction Lowry. We affirm.

¶3 On November 7, 2022, the Board, through counsel for the Department of Labor and Industry, Employment Standards Division (Department), initiated an action against Lowry for the unlicensed practice of electrical work. Lowry requested a hearing to contest the charges, but he refused to fully engage with the discovery process. On September 8, 2023, the Hearing Officer ordered Lowry to respond to various discovery requests or risk sanctions, including an entry of default. On December 12, 2023, the Hearing Officer granted the Department's motion for sanctions for Lowry's failure to comply with discovery, entering default against Lowry and recommending a $5,000 civil penalty for his unlicensed practice of electrical work.

¶4 On December 29, 2023, the Board issued a Scheduling Order for Hearing on Exceptions (Scheduling Order) that allowed the Department and Lowry to file exceptions to the Hearing Officer's proposed decision and to request oral argument by March 1, 2024. The Department treated Lowry's December 27, 2023 Motion to Vacate as his exceptions,

because it asserted factual and legal challenges to the Hearing Officer's proposed decision; Lowry did not otherwise object or file exceptions.[1]

¶5 On May 17, 2024, Lowry moved to "Confirm Oral Arguments/Schedule Video Viewing," asserting that he had previously requested oral argument before the Board. That same day, Lowry filed a separate motion requesting that an interpreter be appointed pursuant to § 49-4-503(2), MCA. Lowry argued that he needed an interpreter to fully participate in the Board's "Administrative Hearing" because his hearing impairment was "well established" and closed captioning was insufficient. The Department responded that Lowry had not previously requested oral argument and that Lowry had not adequately described the basis and nature of his request for an interpreter.

¶6 On May 29, 2024, the Board's Adjudication Panel (Panel) met to consider the Hearing Officer's proposed decision, pursuant to § 2-4-621, MCA.[2] Lowry joined the adjudication meeting by Zoom, contested the adequacy of the software's automatic captions, and left the meeting after approximately five minutes. The Panel voted to deny Lowry's request for oral argument as untimely. The Panel found that Lowry had not requested oral argument before the March 1, 2024 deadline set by the Scheduling Order.

¶7 The Board's June 13, 2024 Final Order memorialized the determinations made during the May 29, 2024 adjudication meeting. Exercising its authority under

---

[1] Lowry filed several procedural challenges to the Hearing Officer's proposed decision and the Scheduling Order, but the Board dismissed them on April 18, 2024.

[2] The Panel renders the Board's final order in a contested case, pursuant to § 37-1-307(1)(d), MCA (2023).

§ 2-4-621(3), MCA, the Board adopted the Hearing Officer's proposed decision. The Board modified two of the Hearing Officer's proposed findings of fact and adopted the remaining findings of fact, conclusions of law, and sanctions without modification. The Board determined that the Hearing Officer correctly entered default against Lowry for failing to comply with discovery and that the recommended $5,000 civil penalty was appropriate based on the complete record.

¶8 On June 19, 2024, Lowry petitioned the District Court for judicial review of the Board's failure to appoint an interpreter during the adjudication meeting. Lowry argued that the Board's "unwillingness to provide interpretation services" prevented him from seeking relief from the Board, would deprive him of "multiple Constitutional\civil rights," and precluded a fully developed record for appeal.

¶9 The District Court affirmed the Board's Final Order and dismissed Lowry's petition for judicial review. The District Court found that Lowry had not appealed the Board's findings that he had engaged in the unlicensed practice of electrical work or its conclusions of law; nor had Lowry appealed the Board's finding that his request for oral argument was untimely. The District Court concluded that Lowry could not prove that his substantial rights were prejudiced by the lack of an interpreter, because Lowry could not participate in the adjudication meeting and because he had not proven that he was entitled to an interpreter pursuant to §§ 49-4-501 through -511, MCA (2023).

¶10 The Montana Administrative Procedure Act (MAPA) provides the standards for reviewing an agency's decision in a contested case. Section 2-4-704, MCA. A court may

reverse or modify the agency's decision if the appellant's substantial rights were prejudiced because:

> (a) the administrative findings, inferences, conclusions, or decisions are:
> (i) in violation of constitutional or statutory provisions;
>
> .   .   .
>
> (iii) made upon unlawful procedure;
> (iv) affected by other error of law; [or]
>
> .   .   .
>
> (vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Section 2-4-704(2), MCA; *Cotton v. Mont. Dep't of Corr.*, 2024 MT 278, ¶ 17, 419 Mont. 167, 559 P.3d 824. This Court applies the same standards when reviewing a district court's decision to affirm an agency decision. *Smith v. TYAD, INC.*, 2009 MT 180, ¶ 23, 351 Mont. 12, 209 P.3d 228.

¶11     Lowry argues for the first time on appeal that the lack of an interpreter during the adjudication meeting violated his constitutional rights to due process and equal protection and his right to reasonable accommodation under the Americans with Disabilities Act (ADA). Lowry also alleges that the Board did not issue a final decision on his oral argument request, as required by § 2-4-623(1), MCA. In general, this Court does not address issues and legal theories raised for the first time on appeal. *Flowers v. Bd. of Pers. Appeals, Mont. Dep't of Fish, Wildlife & Parks*, 2020 MT 150, ¶ 14, 400 Mont. 238, 465 P.3d 210. The record does not support Lowry's contention that he preserved these issues by arguing them below. His Motion for Interpreter invoked only § 49-4-503(2), MCA, and the Montana Judicial Branch's administrative regulations governing the use of closed captioning. Before the District Court, Lowry passingly referred to due process and ADA

accommodations in reply to the Board's response brief, but the Board had no opportunity to respond. We decline to consider Lowry's new due process, equal protection, ADA, and § 2-4-623(1), MCA, claims.[3]

¶12 The remaining issue is whether the District Court correctly concluded that the lack of an interpreter did not deny Lowry meaningful participation in the proceedings or otherwise prejudice his substantial rights.

¶13 As the party seeking judicial review, Lowry bears the burden of proving that the agency committed error. *Smith*, ¶ 32. Lowry has not demonstrated that the Board violated MAPA's procedural rules for contested cases, which governed the proceedings. Section 37-1-332(2)(b) (2019), *repealed by* 2023 Mont. Laws, ch. 366, § 10.[4] After receiving the Hearing Officer's adverse proposal for decision, Lowry had the opportunity "to file exceptions and present briefs and oral argument to" the Board's final decisionmakers. Section 2-4-621(1), MCA. Based on the administrative record and the parties' exceptions, briefs, and procedural motions, the Board exercised its authority to adopt the Hearing Officer's "proposal for decision as [its] final order." Section 2-4-621(3), MCA. Lowry does not appeal the Board's decision to deny his untimely oral argument

---

[3] In his reply brief, Lowry asserts that the Board violated his state due process rights, his Fifth Amendment privilege against self-incrimination, and his rights under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. We will not consider these new issues, as they do not address new matter raised in the Board's response brief. *See* M. R. App. P. 12(3) ("The reply brief must be confined to new matter raised in the brief of the appellee."); *Penado v. Hunter*, 2024 MT 216, ¶ 20 n.2, 418 Mont. 167, 557 P.3d 434.

[4] This provision of the Uniform Professional Licensing and Regulation Procedures, §§ 37-1-301 through 37-1-332, MCA, was effective at the time of Lowry's alleged unlicensed electrical work in 2020 and when the Board initiated its proposed action against Lowry in 2022.

request. He does not identify a MAPA provision or agency rule that would entitle a person who has waived oral argument to participate in the adjudication meeting or affect the Board's ultimate decision. The District Court did not err in concluding that Lowry could not participate before the Board during the adjudication meeting.

¶14 Lowry maintains that he was entitled to an interpreter to understand the adjudication meeting pursuant to § 49-4-503, MCA. Montana law requires the appointment of a qualified interpreter to protect the constitutional rights of deaf persons participating in legal proceedings before the State. Section 49-4-501, MCA (2023); § 49-4-503, MCA. At "all stages in any proceeding of a judicial or quasi-judicial nature before any agency of the state . . . in which a deaf person is a principal party in interest," the agency "shall appoint a qualified interpreter to interpret the proceedings to the deaf person and to interpret the deaf person's testimony or statements." Section 49-4-503(2), MCA.

¶15 The Board argues that Lowry was not entitled to an interpreter because he was not a "deaf person" as defined by § 49-4-502(2), MCA (2023). We do not reach this question, as Lowry has not demonstrated that he was prejudiced by any error. "The mere existence of an error does not mandate reversal; the error must cause substantial prejudice." *Erickson v. State ex rel. Bd. of Med. Exam'rs*, 282 Mont. 367, 375, 938 P.2d 625, 630 (1997). When an agency's procedural or legal error does not affect its findings or ultimate decision, no substantial prejudice occurs. *See, e.g., Erickson*, 282 Mont. at 375, 938 P.2d at 630; *Pannoni v. Bd. of Trs.*, 2004 MT 130, ¶ 55, 321 Mont. 311, 90 P.3d 438.

¶16 Even if Lowry was entitled to an interpreter during the meeting, he does not show how the lack of an interpreter affected the Board's findings, inferences, conclusions, or

7

decisions. *See* § 2-4-704(2)(a), MCA. Nor does Lowry explain how his substantial rights were otherwise prejudiced when he could not participate in the adjudication meeting and any oral decisions were documented in the Board's Final Order. He only asserts that he was denied "meaningful participation" in the proceedings. We have repeatedly stated that "we are not obligated to develop arguments on behalf of parties to an appeal, nor are we to guess a party's precise position, or develop legal analysis that may lend support to his position." *Victory Ins. Co. v. State*, 2025 MT 180, ¶ 20, 423 Mont. 377, 573 P.3d 772 (citation omitted). Because Lowry does not develop a theory of prejudice besides the lack of meaningful participation, we decline to speculate about other ways in which Lowry's substantial rights might have been prejudiced by the lack of an interpreter.

¶17 The District Court did not err by holding that Lowry did not prove that his substantial rights were prejudiced. *See Smith*, ¶ 32. The District Court had no basis upon which to reverse or modify the Board's final decision. *See* § 2-4-704(2)(a), MCA.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ BETH BAKER
/S/ JIM RICE