FILED

05/12/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0495

DA 25-0495

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2026 MT 104N

MONTANA CRESTVIEW APARTMENTS,

Plaintiff and Appellee,

v.

SHARON HATHAWAY FORREST, PH.D.,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-25-90
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Sharon Hathaway Forrest, Ph.D., Self-Represented, Bozeman, Montana

For Appellee:

Thomas C. Orr, Orr McDonnell Law, PLLC, Missoula, Montana

Submitted on Briefs:  April 8, 2026

Decided:  May 12, 2026

Filed:

_____
Clerk

Justice Katherine M. Bidegaray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Sharon Hathaway Forrest (Forrest) appeals from the June 11, 2025 Order of the Eighteenth Judicial District Court, Gallatin County, dismissing her appeal from the Gallatin County Justice Court's December 13, 2024 Damages Judgment in favor of Montana Crestview Apartments (Crestview).  We affirm.

¶3    On June 30, 2023, Forrest entered into a fixed-term residential lease agreement with Crestview for an apartment located in Bozeman, Montana.  The lease required Forrest to pay monthly rent and related monthly charges totaling $2,430.00 to Crestview on the first of each month.

¶4    Forrest paid rent through April 2024 but failed to pay rent in May 2024.  On May 2, 2024, Crestview served Forrest with a three-day notice to pay or vacate the premises pursuant to § 70-24-422(2), MCA.  When Forrest failed to pay or vacate the apartment within the notice period, Crestview filed a Complaint for Possession in Gallatin County Justice Court on May 16, 2024.

¶5    On June 3, 2024, Forrest filed an Answer admitting the existence of the lease, nonpayment of rent for May and June 2024, receipt of the three-day notice, and that she vacated the premises on May 30, 2024.  Forrest asserted, however, that the three-day notice

2

was legally deficient under the federal Coronavirus Aid, Relief, and Economic Security Act (CARES Act), 15 U.S.C. § 9058, which she contended required a 30-day notice for a "covered dwelling." Forrest also alleged that the apartment complex was subject to a federally-backed Fannie Mae multifamily loan and sought information regarding federally-backed loans through interrogatories.

¶6 Because Forrest vacated the premises, Crestview moved to vacate the possession hearing, which the Justice Court granted. Crestview then requested a damages hearing, which was scheduled for December 5, 2024. Forrest was notified that failure to appear could result in judgment against her.

¶7 At the December 5, 2024 damages hearing, Crestview appeared, called witnesses, and submitted exhibits supporting its claims for unpaid rent, necessary repairs and cleaning, and attorney fees and costs. Forrest did not appear. On the day of the hearing, Forrest filed a notice stating that she lacked the financial ability to appear physically and asking the Justice Court to either reset the hearing or allow her to appear by telephone. The Justice Court nonetheless proceeded with the hearing.

¶8 On December 13, 2024, the Justice Court entered a Damages Judgment awarding Crestview $4,246.87 in damages, $7,555.00 in attorney fees, and $553.60 in costs, for a total award of $12,355.47.

¶9 Forrest appealed to the District Court, arguing that (1) the CARES Act required a 30-day notice, (2) the damages and fees were improper, and (3) Crestview failed to assist her with housing options. She also challenged the Justice Court's decision to proceed with the damages hearing after she filed her same-day notice of inability to appear physically

3

and raised broader claims concerning service, alleged ex parte communications, re-rental, carpet replacement, security deposit accounting, and the reasonableness of attorney fees. On June 11, 2025, the District Court dismissed Forrest's appeal, thereby leaving the Justice Court's Damages Judgment in place, after concluding that Forrest failed to demonstrate the applicability of the CARES Act and failed to establish error in the damages award. Forrest now appeals to this Court.

¶10 District courts have appellate jurisdiction over justice courts. Mont. Const. art. VII, § 4(2); § 3-5-303, MCA. When an appeal is taken from a justice court of record, the district court functions as an intermediate appellate court, and the appeal is confined to the record and questions of law. Section 3-10-115(1), MCA; *Stanley v. Lemire*, 2006 MT 304, ¶¶ 24-25, 334 Mont. 489, 148 P.3d 643; *Cook v. Bodine*, 2024 MT 189, ¶ 9, 418 Mont. 49, 555 P.3d 236. On further appeal, we review the justice court decision independently, applying the same standards as the district court: findings of fact for clear error, conclusions of law for correctness, and discretionary rulings for abuse of discretion. *Cook*, ¶ 9; *Stanley*, ¶ 26. A court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason, resulting in substantial injustice. *Lockhead v. Lockhead*, 2013 MT 368, ¶ 12, 373 Mont. 120, 314 P.3d 915.

¶11 Whether legal authority exists to award attorney fees is a question of law reviewed for correctness. *Mlekush v. Farmers Ins. Exch.*, 2015 MT 302, ¶ 8, 381 Mont. 292, 358 P.3d 913. The amount and reasonableness of an attorney-fee award are reviewed for abuse of discretion. *Yellowstone Cnty. v. Billings Gazette*, 2006 MT 218, ¶ 14, 333 Mont. 390, 143 P.3d 135. Although courts may make reasonable accommodations for

4

self-represented litigants when technical defects do not affect fundamental bases for appeal, the appellant bears the burden of establishing reversible error. *In re Marriage of McMahon*, 2002 MT 198, ¶ 7, 311 Mont. 175, 53 P.3d 1266.

**CARES Act Applicability**

¶12 Forrest argues that the CARES Act required Crestview to provide a 30-day notice to vacate rather than the three-day notice permitted under Montana law. Montana law permits a landlord to terminate a rental agreement for nonpayment of rent if rent is unpaid when due and the tenant fails to pay within three days after written notice. Section 70-24-422(2), MCA. The CARES Act provides that the lessor of a "covered dwelling" may not require a tenant to vacate before 30 days after providing a notice to vacate. 15 U.S.C. § 9058(c)(1). A "covered dwelling" is a dwelling occupied by a tenant on a "covered property," which includes property participating in specified federal housing programs or securing a federally-backed mortgage loan or federally-backed multifamily mortgage loan. 15 U.S.C. § 9058(a)(1)-(2).

¶13 Because this case involved nonpayment of rent, we assume without deciding that the CARES Act's 30-day notice requirement would apply if Forrest's unit was a covered dwelling. The dispositive question is not whether the CARES Act can require 30-day notice for covered dwellings; it can. The out-of-state authority Forrest cites recognizes the continuing applicability of the CARES Act's 30-day notice requirement to covered dwellings, but those cases do not establish that Forrest's unit was a covered dwelling on the record before the Justice Court. *See Arvada Vill. Gardens LP v. Garate*, 2023 CO 24, ¶ 29, 530 P.3d 1102; *Pendleton Place, LLC v. Asentista*, 29 Wash. App. 2d 516, 541 P.3d

5

397 (2024). The dispositive question is whether Forrest established, on the Justice Court record, that her unit was a covered dwelling within the meaning of 15 U.S.C. § 9058(a). The District Court's review was confined to the record and questions of law. Section 3-10-115(1), MCA; *Stanley*, ¶¶ 24-25; *Cook*, ¶ 9. Thus, Forrest was required to demonstrate error from the record before the reviewing courts. *McMahon*, ¶ 7.

¶14 Forrest cited CARES Act guidance, Fannie Mae materials, and legal aid resources stating that landlords of covered properties must provide 30-day notice. She also alleged that Crestview's property was subject to a federally-backed Fannie Mae multifamily mortgage and sought information concerning federally-backed loans through interrogatories. Those materials support the legal premise of Forrest's argument and demonstrate that she raised the CARES Act issue in the Justice Court. They do not, however, establish that this specific apartment was located on a property participating in a covered federal housing program or securing a federally-backed mortgage loan or federally-backed multifamily mortgage loan. 15 U.S.C. § 9058(a)(1)-(2). Forrest's allegation of covered status, her citation to general Fannie Mae and legal-aid materials, and her unanswered discovery requests did not themselves constitute competent property-specific proof of covered status in the Justice Court record. Likewise, Forrest's unanswered discovery request to Crestview for Fannie Mae loan information, standing alone, does not establish reversible error where the record does not show that she obtained an order compelling responses, that the Justice Court denied a properly presented discovery motion, or that the missing discovery established covered-property status as a matter of law. Based on the materials Forrest provided, the District Court, acting in its appellate

6

capacity, could not make new factual findings regarding the property's financing or federal program status. *Stanley*, ¶ 25; *Cook*, ¶ 9.

¶15 The District Court therefore correctly concluded that Forrest did not establish that the CARES Act displaced Montana's three-day notice statute on this record. Because Forrest failed to demonstrate that her unit was a covered dwelling under 15 U.S.C. § 9058(a), she has not shown error in the Justice Court's application of § 70-24-422(2), MCA. For the same reason, Forrest has not shown reversible error based on her related argument that the CARES Act prohibited late fees or penalties. Even assuming such restrictions would apply to covered dwellings, Forrest did not establish the threshold covered-property predicate on this record.

**Possession and Damages**

¶16 Forrest further argues that, once she vacated the premises, the entire action should have been dismissed. We disagree.

¶17 Forrest's surrender of possession eliminated the need for a possession judgment, but it did not extinguish Crestview's statutory or contractual claims for unpaid rent, actual damages, attorney fees, and costs. Section 70-24-427(1), MCA, provides that, when a rental agreement is terminated, the landlord has a claim for possession, rent, and actual damages for breach of the rental agreement. The statute treats possession, rent, and damages as distinct forms of relief. Section 70-24-427(1), MCA. Attorney fees and costs may be awarded to the prevailing party in an action on a rental agreement or arising under the Residential Landlord and Tenant Act. Section 70-24-442, MCA.

¶18 Forrest repeatedly argued Crestview had a federal obligation to provide concessions, re-housing help, or a payment plan, but Forrest's references to Fannie Mae, HUD, and legal-aid materials concerning tenant protections, concessions, payment plans, or re-housing assistance likewise do not establish, on this record, an enforceable duty that required dismissal of Crestview's monetary claims or reversal of the damages judgment.

¶19 The Justice Court therefore did not err by declining to proceed on possession while allowing Crestview to pursue its remaining monetary claims. Forrest's argument conflates the absence of a continuing possession dispute with the extinguishment of all claims arising from the rental agreement. Sections 70-24-427(1) and -442, MCA, do not support that conclusion.

**Damages and Attorney Fees**

¶20 Forrest challenges the Justice Court's award of damages and attorney fees. Crestview's claims were authorized by statute. Section 70-24-427(1), MCA, allows a landlord, after termination, to recover rent and actual damages for breach of the rental agreement. Section 70-24-442(1), MCA, further provides that, in an action on a rental agreement or arising under the Residential Landlord and Tenant Act, reasonable attorney fees, costs, and necessary disbursements may be awarded to the prevailing party. A "prevailing party" is the party in whose favor final judgment is rendered. Section 70-24-442(2), MCA.

¶21 At the damages hearing, Crestview presented testimony and documentary evidence supporting its claims for unpaid rent, cleaning, repairs, attorney fees, and costs. Forrest did not appear. Although Forrest filed a same-day notice stating that she could not attend

8

physically and requesting a later or telephonic hearing, she did not appear at the scheduled damages hearing. The Justice Court proceeded on the evidence presented and entered judgment for Crestview. We review that discretionary decision for abuse of discretion. *Cook*, ¶ 9; *Lockhead*, ¶ 12.

¶22 Forrest's arguments concerning her prior payment history, financial hardship, homelessness, and alleged lack of transparency from Crestview are serious and understandable. She also contends that Crestview's evidence did not adequately account for normal wear and tear, re-rental, carpet age or replacement, security-deposit accounting, and the reasonableness of attorney fees. But the appellate question is whether Forrest has demonstrated legal error, clear error, or an abuse of discretion on the record before the reviewing courts. *Cook*, ¶ 9; *Stanley*, ¶ 26; *McMahon*, ¶ 7. The Justice Court had statutory authority to award rent and actual damages under § 70-24-427(1), MCA, and to award reasonable attorney fees, costs, and necessary disbursements to the prevailing party under § 70-24-442, MCA. Forrest has not shown that the Justice Court's damages findings were clearly erroneous; that the Justice Court misapprehended its statutory authority; that the attorney-fee award was unauthorized as a matter of law; or, under the applicable appellate standards, that the Justice Court abused its discretion in the amount of damages, fees, or costs awarded on the evidence presented at the damages hearing.

¶23 Forrest relies on *Summers v. Crestview Apartments*, 2010 MT 164, 357 Mont. 123, 236 P.3d 586, to argue that attorney fees were improper. *Summers* does not require reversal. In *Summers*, this Court invalidated a lease provision that imposed a one-sided attorney-fee obligation and waived tenant protections under § 70-24-442, MCA. *Summers*,

9

¶¶ 32-34.  Here, the fee award is not sustained under a unilateral lease clause that overrides statutory protections.  It is sustained under § 70-24-442, MCA, which authorizes reasonable attorney fees, costs, and necessary disbursements to the prevailing party in an action on a rental agreement or arising under Title 70, chapter 24.  Because final judgment was rendered in Crestview's favor, Crestview was the prevailing party for purposes of § 70-24-442(2), MCA.  Forrest has not shown that the Justice Court lacked authority to award fees or abused its discretion in determining the amount awarded.

**Procedural Claims**

¶24    Forrest also raises broader claims concerning service delays, communications with Crestview and counsel, Crestview's alleged failure to assist with housing options, alleged bias, alleged ex parte communications, and general unfairness in the proceedings.  To the extent those claims assert independent legal theories not presented to or decided by the Justice Court, they are not properly before this Court.  We generally do not consider issues or legal theories raised for the first time on appeal because it is unfair to fault a lower court for failing to rule correctly on an issue it was never given an opportunity to consider.  *Renner v. Nemitz*, 2001 MT 202, ¶ 15, 306 Mont. 292, 33 P.3d 255; *Flowers v. Bd. of Pers. Appeals*, 2020 MT 150, ¶ 14, 400 Mont. 238, 465 P.3d 210; *In re Parenting of D.C.S.*, 2025 MT 179, ¶ 21, 423 Mont. 365, 573 P.3d 791.

¶25    Forrest was notified of the damages hearing and warned of the consequences of nonappearance.  The Justice Court had already continued the damages hearing once at Forrest's request.  Forrest's same-day filing explained why she could not attend physically and requested either a continuance or permission to appear by telephone.  Although Forrest

10

raised substantial hardship concerns, she did not raise them until the morning of the scheduled hearing, after the hearing had previously been continued at her request and after she had been advised that personal appearance was required. Forrest has not demonstrated that the Justice Court acted arbitrarily, failed to employ conscientious judgment, or exceeded the bounds of reason by proceeding with the scheduled hearing. *Lockhead*, ¶ 12. Moreover, Forrest has not shown that the District Court, confined to appellate review of the Justice Court record, erred by leaving the Justice Court's judgment in place. Section 3-10-115(1), MCA; *Cook*, ¶ 9; *Stanley*, ¶ 25.

¶26 Forrest also asserts that an ex parte communication occurred when Crestview and its counsel allegedly appeared on a prior hearing date after the hearing had been continued. The record before us does not establish that the Justice Court relied on improper ex parte communications in entering the damages judgment or that any alleged communication affected the judgment. Forrest therefore has not demonstrated reversible error on that basis.

¶27 Forrest further requests affirmative relief against Crestview, disciplinary review of counsel and the Justice Court, donations to legal-aid or tenant-advocacy organizations, and other relief beyond reversal of the judgment. Those requests are not properly before us in this appeal from the Justice Court's Damages Judgment. This appeal is limited to whether Forrest has demonstrated reversible error in the judgment entered against her. She has not.

¶28 Crestview requests attorney fees and costs incurred on appeal. Although § 70-24-442, MCA, authorizes reasonable attorney fees, costs, and necessary disbursements to the prevailing party, the statute is discretionary. Given Forrest's self-represented status, the colorable legal premise underlying her CARES Act argument,

11

and our resolution of the appeal on the absence of record proof of covered-property status, we decline to award additional appellate attorney fees. Crestview may seek costs as provided by the Montana Rules of Appellate Procedure.

¶29 Because Forrest has not demonstrated reversible error under the applicable standards of review, we affirm. The District Court correctly concluded that Forrest failed to demonstrate that the CARES Act applied to her unit. The Justice Court properly proceeded to adjudicate Crestview's monetary claim after Forrest surrendered possession. The damages award was authorized by § 70-24-427(1), MCA, and the attorney-fee and cost award was authorized by § 70-24-442, MCA. Forrest has not established reversible error.

¶30 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents questions controlled by settled law or by the clear application of the applicable standards of review. The District Court's interpretation and application of the law were correct. Affirmed.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

12